# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2738

_____

United States of America,                    *
                                             *
            Appellee,                        *    Appeal from the United States
                                             *    District Court for the Western
      v.                                     *    District of Arkansas.
                                             *
Brian Fay Jeremiah,                          *         [UNPUBLISHED]
                                             *
            Appellant.                       *

_____

Submitted: May 9, 2005
Filed: May 18, 2005

_____

Before LOKEN, Chief Judge, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jeremiah pled guilty to a violation of 18 U.S.C. § 2425 for using interstate commerce to transmit information about a minor. At his sentencing hearing, which occurred five days after the United States Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004), Jeremiah challenged the constitutionality of the sentencing guidelines. The district court rejected the Blakely argument, but sentenced him to 27 months' imprisonment, the minimum for his offense level.

Given this court's decisions in United States v. Haidley, 400 F.3d 642 (8th Cir. 2005), and United States v. Garcia, No. 04-3016, 2005 WL 957319 (8th Cir. Apr. 27,

2005), we reverse and remand this case for resentencing. Like the defendants in those two cases, Jeremiah was sentenced at the low end of his guidelines range, and he has properly preserved his argument that the sentencing guidelines were unconstitutional. Under these circumstances, the government bears the burden of showing the sentencing error–using an unconstitutional mandatory sentencing guidelines scheme–was harmless. Haidley, 400 F.3d at 644. The government made no such argument in its brief, and it waived oral argument. Thus, it has not satisfied its burden of showing that the sentencing error was harmless. Garcia, 2005 WL 957319 at *2 n.3.

We reverse and remand for resentencing.

_____