# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3164

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Brian Fay Jeremiah, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2006
Filed: May 3, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Brian Fay Jeremiah pleaded guilty to a violation of 18 U.S.C. § 2425 (2000) for using interstate facilities to transmit information about a minor "with the intent to entice, encourage, offer, or solicit" criminal sexual activity, and the District Court sentenced Jeremiah to twenty-seven months' imprisonment. Jeremiah appealed his sentence, raising a challenge based on Blakely v. Washington, 542 U.S. 296 (2004). On appeal, a panel of this Court vacated Jeremiah's sentence and remanded his case to the District Court for resentencing. United States v. Jeremiah, 135 Fed. App'x 3 (8th Cir. 2005) (per curiam) (unpublished). At his resentencing hearing, Jeremiah requested a variance from the advisory Guidelines range based on the potential disparity between the sentence he might have received had he been convicted in

Arkansas state court and the sentence he faced as a result of his conviction on the federal charge. The District Court[1] refused to vary from the advisory Guidelines range on this basis, sentencing Jeremiah to the same twenty-seven-month term of imprisonment originally imposed. Jeremiah appeals, arguing that the District Court was required to consider the potential federal/state sentencing disparity under 18 U.S.C. § 3553(a)(6) (2000)[2] and that the court's failure to do so resulted in an unreasonable sentence. We affirm.

Although application of the Sentencing Guidelines is no longer mandatory, district courts are still required to consult the Guidelines and take them into account in calculating a defendant's sentence. United States v. Booker, 543 U.S. 220, 264 (2005). A district court must calculate a defendant's advisory Guidelines sentencing range based on his total offense level, criminal history category, and any appropriate departures. See United States v. Shannon, 414 F.3d 921, 923 (8th Cir. 2005). The court may also vary from the advisory Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) as long as the resulting sentence is reasonable. See Booker, 543 U.S. at 261; United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). Proper application of the Guidelines "remains the critical starting point" for fashioning a reasonable sentence under § 3553(a), United States v. Lindquist, 421 F.3d 751, 753 (8th Cir. 2005), and a sentence within the properly calculated Guidelines range is presumed to be reasonable, see United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005). In determining whether a district court properly calculated a defendant's Guidelines sentencing range, we review the court's findings of fact for clear error and its interpretation and application of the Guidelines de novo.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

[2]18 U.S.C. § 3553(a)(6) (2000) instructs district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

See Mashek, 406 F.3d at 1017. We review the ultimate sentence for reasonableness in light of the factors described in § 3553(a). See United States v. May, 413 F.3d 841, 844 (8th Cir.), cert. denied, 126 S. Ct. 672 (2005).

The District Court properly calculated Jeremiah's Guidelines sentencing range, and Jeremiah does not argue otherwise. Rather, Jeremiah's sole argument on appeal is that in order to impose a reasonable sentence, the District Court was required by § 3553(a)(6) to consider the sentences imposed in Arkansas state courts for comparable conduct by defendants similarly situated to Jeremiah and to impose a sentence designed to diminish the disparity between the two. This argument is unavailing.

In United States v. Deitz, 991 F.2d 443, 448 (8th Cir. 1993), we held that "the possible discrepancy between state and federal sentences is a factor the [Sentencing] Commission considered but chose not to account for in the Guidelines." We reasoned that the "Commission's goal of imposing uniformity upon federal sentences for similarly situated defendants would be impeded, not furthered," if potential federal/state sentencing discrepancies were considered. Id. at 447; see also United States v. Snyder, 136 F.3d 65, 69 (1st Cir. 1998) (declining to consider federal/state sentencing disparity as a valid basis for downward departure under the Guidelines); United States v. Searcy, 132 F.3d 1421, 1422 (11th Cir. 1998) (per curiam) (stating that consideration of state penalties would "undermine the goal of uniformity" in federal sentences); United States v. Haynes, 985 F.2d 65, 69–70 (2d Cir. 1993) (noting that departure from Guidelines sentence based on federal/state sentencing disparity would "surely undermine Congress' stated goal of uniformity in sentencing"); United States v. Sitton, 968 F.2d 947, 962 (9th Cir. 1992) (holding that departure from Guidelines sentence based on federal/state sentencing disparity is impermissible), cert. denied, 506 U.S. 979 (1992), and 507 U.S. 929 (1993). Although our decision in Deitz predates the Supreme Court's pronouncement in Booker that the Guidelines are merely advisory, we see nothing in Booker that casts doubt on our decision in Deitz. Unwarranted sentencing disparities among federal defendants remains the only

consideration under § 3553(a)(6)—both before and after <u>Booker</u>.[3]  <u>See</u> <u>United States v. Clark</u>, 434 F.3d 684, 687 (4th Cir. 2006) (noting post-<u>Booker</u> that the "sole concern" of § 3553(a)(6) is disparities among sentences for federal defendants).

The District Court was neither required nor permitted under § 3553(a)(6) to consider a potential federal/state sentencing disparity in imposing Jeremiah's sentence. Accordingly, we conclude that the District Court properly calculated Jeremiah's advisory Guidelines sentencing range, properly considered the § 3553(a) factors, and imposed a reasonable sentence.  We affirm.

_____

_____

[3]In <u>United States v. Winters</u>, 416 F.3d 856, 861 (8th Cir. 2005), we affirmed a sentence exceeding the advisory Guidelines range as reasonable "based on *all* the factors listed" in § 3553(a) and rejected the defendant's argument that he was entitled to a sentence within the Guidelines range.  The dissent in <u>Winters</u> noted that the District Court apparently erred by considering state-law sentences for the same conduct in imposing the defendant's sentence, 416 F.3d at 863 (Heaney, J., dissenting), but this argument was not raised by the defendant and thus was not addressed by the Court.