United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-30504

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES CAIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-14-ALL

_____

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

This case comes before us for a second time on appeal. Finding no error, we affirm.

I.

James Cain was convicted following a jury trial of being a felon in possession of a firearm, possession with intent to distribute cocaine base, and using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime. Prior to his first sentencing hearing, the Government requested an upward departure in the light of Cain's threats to the police and the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

public during his apprehension, his use of a firearm to facilitate his drug crime, and his lengthy criminal history. The district court declined to impose a departure, finding that to do so would violate the Sentencing Guidelines, but awarded the maximum Guideline sentence. Cain was sentenced to 115 months on the felon-in-possession count and the intent to distribute count, the terms to run concurrently, and to a mandatory minimum term of 84 months of imprisonment on the use of a firearm count, to run consecutively to the sentence on the other two counts. Cain appealed and we affirmed his conviction, but vacated and remanded for resentencing on the basis that the sentence had violated Cain's Sixth Amendment rights because of a three-point enhancement under U.S.S.G. § 3A1.2(b).

At the commencement of Cain's post-Booker resentencing, the district court stated that it was considering exercising its discretion to depart upwardly from the Guidelines. The district court listed Cain's past offenses, noting that he had been convicted of a new offense every year or two since the age of twelve. It further noted that many of his convictions were for violent or drug offenses. The district court also recognized that Cain's most recent offense occurred less than two years following his release from custody for possession of cocaine. It expressed its intention, in imposing the original sentence, to provide Cain with "a more structured life" and with an opportunity for rehabilitation.

2

The district court then heard arguments from both the defense and the prosecution, and engaged in a lengthy dialogue with Cain himself regarding his criminal history and his behavior while incarcerated for the instant offense. It also noted that Cain had been the subject of three incident reports since his imprisonment. The court concluded that the shorter sentences that Cain had received on state convictions had clearly not benefitted him.

The district court then re-computed the Guideline sentence for Cain's offenses and noted that it did not take into account the multiple offender sentence for which Cain would have been eligible in state court. The court then reiterated Cain's significant criminal record and emphasized that a lengthy sentence would permit him to have long-term drug, mental health, and anger management counseling.

The district court concluded by reimposing the original sentence. In making its ruling, the court said "[t]his sentence reflects ... the seriousness of [Cain's] prior convictions, the seriousness of what he would be facing if he was under a state scheme for multiple offender status, as well as the strong considerations of Section 3553 of the United States Code, Title 18 in the areas [sic] of recidivism."

II.

On appeal, Cain contends that the district court violated 18 U.S.C. § 3553(a)(6) by commenting on the sentence Cain would have received in state court for analogous conduct; and that the district court's upward departure from the guidelines at resentencing was "presumptively vindictive." Because Cain raised no objection to the sentence before the district court, we review for plain error. Under this standard, Cain must demonstrate clear or obvious error that affected his substantial rights. United States v. Fernandez-Cusco, 447 F.3d 382, 385 (5th Cir. 2006). Neither of Cain's claims support his position that his sentence was clearly erroneous.

A.

Cain first argues that the district court's consideration of the analogous state court sentence was plainly erroneous. However, as Cain himself notes, this court has not yet addressed the effect of the district court's consideration of state sentencing practices as a basis for a non-guidelines sentence. Even assuming, arguendo, that we agree with the Fourth and Eighth Circuits that consideration of state penalties is an improper application of § 3553(a)(6),[**] we are reluctant to say that the district court's

_____

[**] See United States v. Jeremiah, 446 F.3d 805, 807-08 (8th Cir. 2006) (state and federal offenders are not similarly situated for sentencing purposes); United States v. Clark, 434 F.3d 684, 687 (4th Cir.), cert. denied, ___ U.S. ___, 126 S.Ct. 2054 (2006) ("The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants") (emphasis omitted).

error was plain, given the lack of guidance from our court on this question.

Even if, however, the district court's error had been plain, Cain cannot demonstrate that his substantial rights were affected. The district court reiterated repeatedly that he felt that a lengthy sentence was necessary to prevent recidivism given Cain's extensive and serious criminal record, and to provide Cain with the opportunity to undergo the long-term psychological and drug counseling that would be necessary for his rehabilitation. This reasoning is sufficient to support the imposition of a non-Guidelines sentence. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). The district judge has twice given Cain the same sentence, and Cain has offered us no reason to believe that the outcome of a third sentencing would be any different. We therefore find that Cain has failed to establish plain error.

B.

Cain next argues that the district court erred in imposing a higher sentence on remand, based on the same Presentence Investigation Report. He claims that because the district court imposed a higher sentence based on the same criminal history, this court should presume that the increase was vindictive. We disagree.

"The purpose of the presumption [of vindictiveness] is to protect litigants from fear of judicial retaliation following a successful appeal." United States v. Reinhart, 442 F.3d 857, 860

(5th Cir.), <u>cert. denied</u>, ___ U.S. ___, 127 S.Ct. 131 (2006).  A presumption of vindictiveness does not arise unless the record indicates a "reasonable likelihood" of vindictiveness.  <u>Id.</u>  Cain has failed to point to anything in the record that would indicate vindictiveness on the part of the district court.  In fact, we have specifically held that a district court's exercise of its post-<u>Booker</u> discretion to upwardly depart based on § 3553(a) is "plainly a valid reason" for a sentencing increase.  <u>Id.</u> (internal quotation mark omitted).  The record reflects that the district court expressly recognized its new discretion in calculating the Guidelines sentence, and provided a thorough analysis of the § 3553(a) factors in determining that a non-Guidelines sentence was appropriate.  We find neither vindictiveness, nor error in the district court's decision to reimpose Cain's original sentence.

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.