# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-2470

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Thomas Alan Henry, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 12, 2007
Filed: May 17, 2007

_____

Before MELLOY, BOWMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thomas Alan Henry entered a conditional guilty plea to the charge of knowingly traveling in interstate commerce with the intent to engage in illicit sexual conduct with a person under the age of eighteen in violation of 18 U.S.C. § 2423(b). The district court[1] sentenced Henry to 57 months' imprisonment. Henry appeals his sentence. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

In February and March of 2005, Henry corresponded over the internet with an individual he believed was a 13-year-old girl named Cindy. The individual was actually an adult female in Eureka Springs, Arkansas, who assisted law enforcement agencies in finding internet predators. During their discussions on the internet, Henry told Cindy that he wanted to have sexual relations with her. A second adult female also assisted in the operation by conversing with Henry on the phone as Cindy because her voice sounded like a child's voice. As a result of the internet and phone conversations, Henry drove from Illinois to Arkansas to meet Cindy at a motel room on March 19, 2005. Police officers knew about this arrangement and arrested Henry before he reached the motel room. Henry admitted that he was planning to have sex with Cindy and that he knew what he was planning to do was wrong.

Henry was indicted by a federal grand jury and charged with violating 18 U.S.C. § 2423(b). The district court denied Henry's motion to dismiss the indictment on the basis of legal impossibility, and Henry entered a conditional guilty plea so that he could maintain the right to appeal the district court's denial of his motion. However, on appeal Henry only challenges his 57-month sentence.

At sentencing, the district court calculated an advisory sentencing guidelines range of 57 to 71 months based on a total offense level of 25 and a criminal history category of I. Henry did not challenge the determination of the advisory guidelines range but argued that the district court should consider the state sentences imposed for similar offenses despite the contradictory holding of this court in *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) (ruling that district courts may not consider potential sentencing disparities between federal and state sentences when sentencing a defendant). He also argued that such disparity violates the Eighth Amendment. The district court adhered to this court's holding in *Jeremiah*, rejected the Eighth Amendment argument, and sentenced Henry to 57 months' imprisonment.

On appeal, Henry first argues that his sentence was unreasonable because he claims that a state sentence for a similar offense in Arkansas would be 90 days or less in jail, much lower than his 57-month federal sentence. Henry bases his unreasonableness argument on the contention that the district court should consider the disparity between his federal sentence and a state sentence for a similar crime as part of its consideration of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, as Henry recognizes, as a panel we are bound by our holding in *Jeremiah* that a district court is "neither required nor permitted under § 3553(a)(6) to consider a potential federal/state sentencing disparity in imposing [a] sentence." *Jeremiah*, 446 F.3d at 808.

Henry also argues that his 57-month federal sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment because it is so disproportionate to what he claims would have been a sentence of 90 days or less if he had been prosecuted by the State of Arkansas. However, "[t]he Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Atteberry*, 447 F.3d 562, 565 (8th Cir. 2006) (quotation omitted). In the context of non-capital cases, Eighth Amendment challenges based upon disproportionality are rarely successful. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment). Further, the type of inter-jurisdictional comparison Henry advocates is only appropriate if he can make a threshold showing of a gross imbalance between his crime and his sentence. *Ewing v. California*, 538 U.S. 11, 23 (2003). Henry can make no such showing. Henry's sentence is at the low end of the advisory guidelines range and is significantly less than the statutory maximum of 30 years. We do not find Henry's 57-month sentence to be grossly disproportional to his crime. Thus, we reject his argument that it violates the Eighth Amendment.

Accordingly, Henry's sentence is affirmed.

———————————————