**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Delvin Deshawn SMITH, Defendant–Appellant.**

No. 06–50415.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2007.*

Filed Dec. 17, 2007.

Michael J. Raphael, Esq., Shawn J. Nelson, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Richard D. Rome, Esq., Law Offices of Richard D. Rome, Van Nuys, CA, Delvin Deshawn Smith, Atwater, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, and RAWLINSON, Circuit Judge, and BAER,** Senior District Judge.

## MEMORANDUM ***

1. Sufficient evidence exists to support Defendant's convictions. In reviewing the

---

** The Honorable Harold Baer, Jr., Senior United States District Judge of the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sufficiency of the evidence to support a criminal conviction, the inquiry is whether "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir.2007). Sufficient evidence exists here to support the jury's conviction of Defendant under 18 U.S.C. § 924(c)(1)(A) because Defendant possessed a firearm in furtherance of a drug trafficking crime. *See, e.g., United States v. Hector*, 474 F.3d 1150, 1157 (9th Cir.2007). Sufficient evidence also exists to support the jury's conviction of Defendant under 21 U.S.C. § 841 U.S.C. § 922(g).

2. The district did not err in excluding at trial potentially exculpatory statements made by Defendant to authorities. "[S]elf-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, but ... non-self-inculpatory statements are inadmissible hearsay." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir.2000). Defendant's potentially exculpatory statements also are not admissible as an "excited utterance" under Fed.R.Evid. 803(2), as the statements happened long after the "startling event." *See United States v. Alarcon–Simi*, 300 F.3d 1172, 1175–76 (9th Cir.2002). Defendant's argument for a new trial on these grounds fails.

3. The district court, when it sentenced Defendant below his Guidelines range, did not apply the 18 U.S.C. § 3553(a) factors unreasonably. Nothing mandated the district court at the time of sentencing to take into account any disparity between Defendant's federal sentence and his potential sentence were he prosecuted in state court. *see United States v. Jeremiah*, 446 F.3d 805, 807 (8th Cir.2006) (citing *United States v. Sitton*, 968 F.2d 947, 962 (9th Cir.1992)).

**AFFIRMED.**