

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# USA v. Robert Brooks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Robert Brooks" (2008). *2008 Decisions.* Paper 1420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3917
_____

UNITED STATES OF AMERICA

v.

ROBERT LLOYD BROOKS,

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cr-00111-1)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
on January 31, 2008

Before: RENDELL and CHAGARES, Circuit Judges,
and POLLAK,* District Judge.

(Filed: March 19, 2008)
_____

OPINION OF THE COURT
_____

_____

*  Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
   Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Appellant Robert L. Brooks ("Brooks") was charged with one count of possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B).  He pled guilty on August 5, 2005,[1] and, on August 11, 2006, the District Court sentenced Brooks to 27 months' imprisonment, to be followed by a three-year term of supervised release.  Brooks was also ordered to pay a special assessment of $100.  Brooks filed a timely notice of appeal.

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting permission to withdraw because he is unable to identify any non-frivolous issues for appeal after a conscientious review of the record.  Brooks was given notice of his counsel's intent to withdraw and has not filed a *pro se* brief in response.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.

Evaluation of an *Anders* brief requires a twofold inquiry:  (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues.  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  Where the

_____

[1]Prior to this appeal, Brooks did not object to the District Court's compliance with Rule 11 during his plea hearing, nor did he move to withdraw his plea.

*Anders* brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a *pro se* brief. *See id.* at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.

Pursuant to his obligation under the first prong of our analysis, counsel has identified several potential, but frivolous, issues. By entering an unconditional guilty plea, Brooks waived all claims for appellate relief with the exception of claims that (1) the court lacked jurisdiction to accept the plea, (2) the plea was invalid under applicable statutory and constitutional standards, and (3) the sentence is illegal. *See United States v. Broce*, 488 U.S. 563 (1989).

First, the District Court clearly had jurisdiction to enter a conviction and impose a sentence for Brooks's violation of 18 U.S.C. § 2252(a)(4)(B), a federal crime over which Congress has granted United States district courts jurisdiction. *See* 18 U.S.C. § 3231. Although any objection as to improper venue has been waived by Brooks at this point, venue was indeed proper and is therefore not an appropriate ground for appeal.

Second, although Brooks's counsel and the Government have identified several technical deficiencies in the District Court's plea colloquy with Brooks, none of the deficiencies meet the plain error standard that applies to this appeal. Moreover, as Brooks has declined to file a *pro se* brief opposing his counsel's representations, we can hardly conclude that he has met his burden of establishing a reasonable probability that he would

3

not have entered a guilty plea had the deficiencies been corrected. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea.").

Finally, as to the lawfulness of Brooks's sentence, the record is clear that the District Court carefully analyzed the factors set forth in 18 U.S.C. § 3553(a) and ultimately imposed a reasonable sentence at the very bottom of the advisory Guidelines range. The only argument raised by Brooks prior to sentencing that the District Court did not directly address was his contention that federal sentences for child pornography offenses are much stiffer than those imposed in state court, thereby yielding unwarranted sentencing disparities. This argument fails, however, as § 3553(a)(6) focuses on the need to avoid unwarranted disparities among sentences imposed by federal courts for violations of federal law, not disparities between state and federal defendants. *See United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006) ("*The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants.*" (emphasis in original)); *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) ("Unwarranted sentencing disparities among federal defendants remains the only consideration under § 3553(a)(6)—both before and after *Booker*."); *United States v. Branson*, 463 F.3d 1110, 1112 (10th Cir. 2006) ("Adjusting federal sentences to conform to those imposed by the states where the

4

offenses occurred would not serve the purposes of § 3553(a)(6), but, rather, would create disparities within the federal system, which is what § 3553(a)(6) is designed to discourage.").

Our independent review of the record yields no other non-frivolous arguments that could possibly support an appeal and we are satisfied that all the requirements of *Anders* have been met.

Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.

_____