

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# USA v. Major

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Major" (2008). *2008 Decisions*. Paper 530.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/530

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4862

UNITED STATES OF AMERICA

v.

EDWARD MAJOR,
a/k/a Kenneth Ross

Edward Major,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 05-cr-0660
(Honorable Lawrence F. Stengel)

Argued March 3, 2008
Before: SCIRICA, *Chief Judge*, FISHER and ROTH, *Circuit Judges*.

(Filed September 17, 2008)

PAUL M. GEORGE, ESQUIRE (ARGUED)
McKinney & George
239 South Camac Street
Philadelphia, Pennsylvania 19107
        Attorney for Appellant

MARK S. MILLER, ESQUIRE (ARGUED)
ROBERT A. ZAUZMER, ESQUIRE
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
        Attorneys for Appellee

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

A jury convicted Edward Major of knowingly and intentionally possessing five grams or more of cocaine base ("crack"), with the intent to distribute under 21 U.S.C. § 841(a)(1), (b)(1)(B). He was sentenced to 180 months, within the Sentencing Guidelines range of 168 to 200 months. He appeals his judgment of conviction and sentence.[1] We will affirm.

### I.

On June 27, 2005, City of Lancaster Police Detective Nathan Nickel saw Major standing on the southeast corner of Prince and Walnut Streets in Lancaster, Pennsylvania. Aware there was an open arrest warrant for Major, Detective Nickel secured the assistance of Officer Michael Brault, who called for backup. Officer Brault confronted Major in an alley, and Detective Nickel approached from behind, grabbing Major's waist, identifying himself and instructing Major to put his hands on his head with his fingers interlocked. Major identified himself as Kenneth Ross and provided photo identification bearing that name.

When Detective Nickel tried to search him, Major repeatedly attempted to remove his hands from his head. Detective Nickel attempted to place Major in handcuffs, but he

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

pulled away, struck Detective Nickel in the head, and attempted to flee. Officer Brault pushed Major, who lost his balance and fell into a fence door. Detective Nickel saw Major make a throwing motion toward the sidewalk in front of the fence. During the ensuing struggle Major attempted to grab Detective Nickel's handgun and bite Officer Brault. After Officer Brault shot pepper spray at Major's face, Detective Nickel was able to handcuff Major. Backup officers arrived and placed Major in a police car.

Detective Nickel and Officer Brault searched the area where Major had made the throwing motion and discovered a clear plastic bag containing 50 smaller bags, which were found to contain 10.4 grams, in total, of a substance later identified as crack cocaine.

At trial, the parties entered into a stipulation that Major had been convicted, in 2001, of possession with intent to deliver cocaine. Major's former girlfriend, Tynia Cooke, who lived with Major beginning in November 2004, testified that: (1) Major had been selling drugs during 2004 and 2005, and his cellphone "rang all day" when he was conducting business; (2) she saw Major with cocaine on seven occasions, and on two of these occasions he had pieces of crack cocaine the size of golf balls; (3) on three occasions she saw Major counting the proceeds of his drug sales; (4) Major told her where he routinely conducted drug sales; and (5) after Major's arrest, he called her and asked her not to "snitch[]" on him, and he wrote letters to her, one of which instructed her to "[a]sk Ben for a half ounce." Cooke read portions of these letters while testifying. Defense counsel had objected to Cooke's testimony prior to trial contending it was irrelevant and unfairly prejudicial.

3

At trial and in its jury charge, the District Court gave limiting instructions with regard to evidence of Major's prior criminal activities. The court instructed that the stipulated conviction "is admitted for the limited purpose of . . . whether or not the defendant had the intent to distribute, or sell cocaine." Similarly, the court instructed that the evidence of uncharged drug activities "is admitted for the limited purpose of the defendant's state of mind, or his intent, or his prior access to drugs, to show in the government's case, that he had – there is evidence as to the state of mind." In its charge, the court reiterated that the evidence of prior involvement in drug dealing "was admitted on a limited point" – "whether the defendant had the intent to distribute." The court explained that "[t]he evidence of prior involvement in drug dealing was not admitted, and should not be considered by you as evidence of bad character, or as conclusive on the issue of guilt in this case. It's not at all evidence of guilt on this charge."

## II.

We review the decision to admit evidence under Fed. R. Evid. 404(b) for abuse of discretion.[2] *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001). We permit the admission of prior crimes evidence "'if relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" *United*

---

[2] Fed. R. Evid. 404(b) provides:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

4

*States v. Johnson*, 199 F.3d 123, 128 (3d Cir. 1999) (quoting *United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978)).

The admissibility of prior bad act evidence is subject to the following guidelines:

(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.

*United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)). The government "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed drug offenses before, he therefore is more likely to have committed this one." *Id.* at 887. Evidence of prior drug convictions and drug transactions may be admissible where the defendant is charged with a drug offense. *Id.*; *see also United States v. Wright-Barker*, 784 F.2d 161, 175 (3d Cir. 1986) (evidence of defendant's prior conduct, which did not lead to a conviction, admissible to show absence of mistake for violation of drug laws).

The government contended that the prior drug conviction was relevant to the issue of whether Major intended to distribute the crack cocaine and to whether he knowingly possessed the crack cocaine. Similarly, it contended Cooke's testimony, and the letters Major sent her, were relevant to show the drugs were Major's, and that he had access to drugs before and after the arrest. The government's explanation in its motions in limine set forth how the prior crimes evidence fit within the chain of inferences, and why it was

5

not introduced as propensity evidence demonstrating Major's guilt. The District Court found the evidence relevant to the issues of state of mind and intent. The government fulfilled its burden to "proffer a logical chain of inference consistent with its theory of the case" and the District Court "articulate[d] reasons why the evidence also goes to show something other than character." *Sampson*, 980 F.2d at 888.

Major contends the proffered purposes were improper because he never asserted the crack cocaine had not been possessed by someone with the intent to distribute; he only contended he was not the possessor. But Major's theory of defense does not dispel the government's burden to prove its case. *See id.* at 888 ("Issues are not irrelevant just because the defense's theory presupposes them to be so. The parameters are not set by the defense's theory of the case; they are set by the material issues and facts the government must prove to obtain a conviction.").[3] The prior crimes evidence was relevant to whether Major had the intent to distribute and whether he had knowledge of the drugs, and the fact that Major did not dispute whether an intent to distribute existed does not make the evidence inadmissible.

---

[3]Major relies on *Sampson*, a case in which the District Court allowed proof of prior convictions for possession with intent to distribute where the defendant only disputed his possession, not an intent to distribute. We reversed, but explained that "we are not holding that the evidence of Sampson's prior drug convictions is not relevant for a proper purpose. We simply hold that a legitimate relevance has not been properly demonstrated and that the record does note that the court conducted a Rule 403 balancing." *Sampson*, 980 F.2d at 889.

6

Major also contends, even if the evidence was relevant and admitted for a proper purpose, "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "[T]he decision whether to admit it [is] within the district court's considerable discretion," *Johnson*, 199 F.3d at 128, and we review for abuse of discretion, *United States v. Kellogg*, 510 F.3d 188, 197 (3d Cir. 2007). A District Court's balancing under 403 will only be reversed if its analysis and conclusion are "arbitrary and irrational." *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000). Major's prior conviction and Cooke's testimony with regard to Major's ongoing drug dealing throughout their relationship is probative of Major's intent to distribute the crack cocaine found at the scene of his arrest. Major's reliance on *United States v. Murray*, 103 F.3d 310 (3d Cir. 1997), is misplaced. In *Murray*, the government failed to provide an explanation on the record of the chain of inferences on which it was relying, and we found there was not a proper purpose for the admission of prior crimes evidence. *Id*. at 316–18. While we also found the introduction of the evidence improper under Rule 403, this conclusion was based on a finding that the evidence had only slight, if any, relevance. Here, the probative value of the evidence is not in doubt, its probative value outweighs any possible prejudice, and the limiting instructions were appropriate. We see no abuse of discretion.

Although Major did not object to the jury instructions at trial, he now contends they were improper. We review for plain error – "(1) an error was committed; (2) the error was plain, that is, it is 'clear' and 'obvious;' and (3) the error 'affected [the

7

defendant's] substantial rights.'" *United States v. Nappi*, 243 F.3d 758, 762 (3d Cir. 2001) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The District Court twice instructed the jury it should consider the prior crimes evidence for the "limited purpose" of determining Major's state of mind – whether Major had the intent to distribute the crack cocaine. Major fails to overcome his burden of demonstrating plain error.

III.

Major also challenges his sentence. He contends that his criminal history category calculation resulted in an unreasonable Guideline range because it was based, in part, on minor and summary offenses: (1) possession of a small amount of marijuana, (2) criminal mischief, and (3) possession of a controlled substance.[4] The Presentence Investigation Report ("PSR") recommended a one-level enhancement for each offense. We review a sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). At the sentencing hearing, Major objected to the PSR's recommendation for enhancements for the marijuana and criminal mischief offenses. The court considered Major's arguments and rejected them. It found each offense was punishable by a sentence of up to one year – qualifying them as misdemeanor offenses – so the one-level enhancements were appropriate. Major's three

---

[4]U.S.S.G. § 4A1.3 allows a departure from the Sentencing Guidelines "where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes."

convictions qualified for the one-level enhancements, and the District Court reasonably considered these offenses when imposing the sentence.

Major also contends the District Court's sentence violated 18 U.S.C. § 3553(a)(6), which requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Major cites the Pennsylvania Sentencing Guidelines as support, but district courts need not consider whether there is a disparity between state and federal sentences. *See United States v. Jeremiah*, 446 F.3d 805, 807–08 (8th Cir. 2006) (district court is "neither required nor permitted under § 3553(a)(6) to consider a potential federal/state sentencing disparity). *But see United States v. Wilkerson*, 411 F.3d 1, 10 n.** (1st Cir. 2005) ("We express no opinion at this time about whether federal-state sentencing disparities may be considered under the post-Booker advisory guidelines."). The District Court did not violate 18 U.S.C. § 3553(a)(6).

Finally, Major contends that his Guidelines offense level results from the unreasonable severity with which the Sentencing Guidelines treat the sale of crack cocaine. On November 1, 2007, the Sentencing Commission adopted Amendment 706, which decreased the base offense levels for crack cocaine offenses by two levels. *United States v. Wise*, 515 U.S. 207, 219 (3d Cir. 2008) (citing U.S.S.G § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706). Amendment 706 became retroactive on March 3, 2008, and we found the amendment is not applied retroactively. *Id*. at 220. However, we have found that appellants may obtain relief under Amendment 706 by filing a 18

9

U.S.C. § 3582(c)(2) motion in the District Court after it became retroactive. *Id.* at 220–21. Accordingly, while we affirm the sentence, Major may seek relief under § 3582(c)(2) in district court.

IV.

Accordingly, we will affirm the judgment of conviction and sentence.