# United States Court of Appeals
## For the First Circuit

No. 08-1499

UNITED STATES OF AMERICA,

Appellee,

v.

ROLANDO SANTIAGO-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Selya and Howard,
Circuit Judges.

Irma R. Valldejuli on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Thomas F. Klumper, Assistant United States Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

February 5, 2010

**SELYA**, **Circuit Judge**. Defendant-appellant Rolando Santiago-Rivera challenges as unreasonable the sentence imposed upon him in connection with the revocation of a term of supervised release. The circumstances of this case are unusual and the question presented -- which involves the extent to which a federal judge may shape a sentence for a violation of supervised release to affect an unrelated state sentence -- is one of first impression. After careful consideration of this conundrum, we conclude that the district court committed a procedural error by relying upon an impermissible factor in fashioning its sentence. Accordingly, we vacate the appellant's sentence and remand for further proceedings.

## I. BACKGROUND

In the United States District Court for the District of Puerto Rico, the appellant entered a plea of guilty, on February 21, 2006, to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced him to serve a 30-month incarcerative term, to be followed by a three-year period of supervised release.

While the firearms case was pending in federal court, the appellant was tried and convicted for a double murder in the Puerto Rico trial court. That court sentenced him to serve a 99-year term of imprisonment, to be followed by a five-year consecutive term of imprisonment.

The appellant was released from federal prison on June 11, 2007. On October 3 of that year, a federal probation officer requested a warrant for the appellant's arrest, stating that the appellant had violated the general condition that he report to the probation officer within 72 hours of his release from the custody of the federal Bureau of Prisons (BOP).

## II. REVOCATION HEARING

At the revocation hearing, the appellant admitted the violation and the government requested a 12-month prison sentence. This recommendation came within the applicable advisory guideline range, which called for 6-12 months of imprisonment. The district court accepted the government's recommendation as to the suitability of a 12-month period of immurement but tacked on a two-year term of supervised release. It explained its rationale in clear terms:

> The Court recommends to the Bureau of Prisons that Mr. Santiago be turned over to the state authorities so that he may continue serving the time that he has to do in state court and that a detainer be lodged in the state court so that, subsequently, this federal sentence is served.

> Basically, the reason I do this is because I am skeptical on the state system, the way that they calculate the sentences. And who knows, he may be out of prison in a very reasonable future date and, therefore, this federal sentence would start to apply.

Defense counsel argued against the sentence on the ground that:

> [W]ith supervised release term pending, he will not get any credit or benefits, because he will have the detainer for the supervised release term. So no benefits will be given to him. And that means that he might have to serve the whole 30, 40, 50 years, maybe the whole 99 years, under the new penal code of Puerto Rico, without any benefits because of the detainer pending.

The court repeated its reasoning and made pellucid its intention to affect the state sentence:

> COURT: Well, he has a 99-year sentence, plus a consecutive five-year sentence. And but for the detainer, he could be out in eight years. That's what you're saying.
>
>                     \* \* \*
>
>     That's why I am sentencing the way I'm sentencing him.

It appears from BOP records that the appellant already has served the 12-month sentence of imprisonment. The record on appeal and the parties' briefs provide no information as to whether the BOP followed the recommendation to lodge a detainer in the commonwealth court to ensure that the supervised release portion of the revocation sentence would be served after the appellant's release (if one occurred) from the Puerto Rico prison system.

## III. DISCUSSION

Two well-established principles of law cabin our inquiry. To begin, a non-binding recommendation by a district court to the BOP is not a reviewable order. United States v. Meléndez, 279 F.3d

16, 18 (1st Cir. 2002). Therefore, we do not focus on the district court's recommendation to the BOP anent the lodging of a detainer.

The next principle is that a revocation sentence is reviewed for abuse of discretion under 18 U.S.C. § 3583(e)(3). United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005). A material mistake of law is, perforce, an abuse of discretion. United States v. Caraballo, 552 F.3d 6, 8-9 (1st Cir. 2008).

The appellant does not challenge the length of the prison sentence imposed upon revocation of supervised release; instead, he challenges only the imposition of yet another term of supervised release. Under the advisory sentencing guidelines, a reviewing court must look at both the procedural and the substantive propriety of a challenged sentence. See, e.g., United States v. Carrasco-De-Jesus, 589 F.3d 22, 26 (1st Cir. 2009). If a concern that a state will fail adequately to punish a defendant on an unrelated charge is an impermissible sentencing factor, the sentence must be vacated as a matter of law.[1]

The relevant statute, 18 U.S.C. § 3583(e)(3), permits imposition of a term of imprisonment upon revocation of a term of supervised release; a different subsection of the statute, 18 U.S.C. § 3583(h), permits a term of supervised release to be imposed in addition to the term of imprisonment. As subsection (h)

---

[1] In this context, Puerto Rico is the functional equivalent of a state. Cf. United States v. Acosta-Martinez, 252 F.3d 13, 19 n.5 (1st Cir. 2001).

does not list the factors to be considered in imposing a term of supervised release as part of a revocation sentence, it is a reasonable inference that the factors are the same as those to be considered in imposing an initial term of supervised release. See 18 U.S.C. § 3583(c), cross-referencing to 18 U.S.C. § 3553(a) (listing factors to be considered in imposing a sentence).

The factors to be considered under 18 U.S.C. § 3583(c) include the nature and circumstances of the offense; the history and characteristics of the offender; the need to afford adequate deterrence; the need to protect the public from further crimes; the need to provide the offender with training, care, or treatment; the guidelines and any pertinent policy statement(s); the need to avoid unwarranted sentencing disparity; and the need to effect restitution. These statutes provide guidance -- but not absolute certitude -- as to what factors should be considered.

It is clear from the transcript of the sentencing hearing in the case at hand that most of the enumerated factors were not considered. The district court did consider the advisory guideline range to the extent that the sentence did not exceed it. Nonetheless, Chapter Seven of the guidelines expresses the Sentencing Commission's view that sentences upon revocation of supervised release are intended to punish the breach of trust that the violation represents. Here, the nature of the violation -- a breach of trust signified by failure to report -- was not even

mentioned by the sentencing court. Instead, the focus of the hearing was strictly and solely on condign punishment for the appellant's murder case. Had the murders been committed during the original period of supervised release, these crimes would appropriately have factored into the revocation sentence. But, the murders were committed before the appellant was imprisoned on the federal firearms charge and, a fortiori, before the imposition of the first supervised release term occurred. Thus, the revocation of supervised release bore no conceivable relationship to the murders, and vice-versa.

As we noted above, this case presents a question of first impression. Most likely, the paucity of cases on point stands as a testament to the fact that the federal district courts, when faced with the need to sentence a defendant upon revocation of supervised release, seldom rely upon impermissible factors in reaching sentencing decisions. We have, however, found a handful of cases addressing impermissible sentencing factors.

The most notable is United States v. Velasquez Velaquez, 524 F.3d 1248 (11th Cir. 2008). There, the court of appeals noted that it was appropriate to "review de novo, as a question of law, whether a factor considered by the district court in sentencing a defendant is impermissible." Id. at 1252. A sentence imposed upon revocation of supervised release was vacated on the ground that the district court was motivated to lengthen the sentence by its

disapproval of the fact that an immigration judge had released Velasquez on bond pending his appeal of the denial of his request for asylum.  Id.

By way of analogy, sentences also have been vacated when a district court stumbles over the concept of "disparity."  The decisions in United States v. Williams, 524 F.3d 209 (2d Cir. 2008), United States v. Jeremiah, 446 F.3d 805 (8th Cir. 2006), and United States v. Clark, 434 F.3d 684 (4th Cir. 2006), all involved sentences for substantive offenses rather than sentences imposed upon revocation of supervised release.  In each case, the court of appeals held that it was procedural error for a district court to consider the disparity between federal sentences and local sentences for similar offenses. Williams, 524 F.3d at 215, Jeremiah, 446 F.3d at 808, and Clark, 434 F.3d at 686.  Cf. United States v. Snyder, 136 F.3d 65, 69 (1st Cir. 1998)(under then mandatory guidelines, federal/state sentencing disparity impermissible basis for downward departure).  The courts in Williams, Jeremiah, and Clark agree that the advisory guidelines are there to aid district courts in achieving a level of nationwide consistency in federal sentencing, a goal to which consistency between federal and state sentencing has to be subordinated.

The district court in the case at bar went beyond considering the disparity between federal and state sentences. Rather, the district court explicitly fashioned a federal sentence

in order to influence the manner in which a sentence imposed by a local court was implemented. The murders for which the appellant was convicted and sentenced in the Puerto Rico trial court were unrelated to either the federal firearms offense (the offense of conviction) or the appellant's violation of the conditions of his term of supervised release.[2]

There are two loose ends. First, we reject the government's assertion that the appellant's claim of sentencing error was either forfeited or waived because he argued too generally in the district court. It is sufficient that the appellant objected to the sentence on the precise contention that the court's proposed course of action would impermissibly affect his state sentence. Second, the government for its part has forfeited any argument that the district court's bevue did not prejudice the appellant.

## IV. CONCLUSION

We need go no further. For the reasons elucidated above, we conclude that the district court committed procedural error by

---

[2] Although it does not affect the outcome of this appeal, we note that the court, the assistant United States attorney, and defense counsel all lacked reliable information regarding the question of how the Commonwealth of Puerto Rico would implement the sentence imposed by its court. They variously estimated that the appellant might serve eight years, 40 years, or 99 years; among other things, it was not clear whether the appellant had been sentenced as a minor, or whether, under the Commonwealth's new penal code, the lodging of a detainer would affect the credits and benefits afforded him during his state incarceration. Many ambiguities pervade other aspects of the record.

selecting a sentence for the sole purpose of controlling the running of an unrelated local sentence.

This leaves the question of a remedy. In the unusual circumstances of this case, we think that the appropriate remedy is to vacate the sentence (which, after all, was based at least in part on an impermissible sentencing factor) and to remand the case for further proceedings, including resentencing, consistent with this opinion. We take no view as to the appropriate sentence to be imposed on remand; our concern here is with procedural error.

**So ordered**.