# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1306

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Robert Wilson, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 8, 2010
Filed: February 5, 2010

_____

Before MELLOY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

On remand from a prior appeal, the district court[1] sentenced Wilson at the bottom of an uncontested Sentencing Guidelines Range of 360 months to life for a Hobbs Act robbery. 18 U.S.C. § 1951(a). In addition, the district court imposed a mandatory, consecutive 84-month sentence under § 924(c)(1)(A)(ii), bringing Wilson's total sentence to 444 months' imprisonment. This sentence was identical to that of his co-defendant in the robbery who had a less extensive criminal history.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Wilson appealed his sentence under United States v. Booker, 543 U.S. 220 (2005), and we affirmed. Less than one month later, the Supreme Court issued its opinion in Gall v. United States, 552 U.S. 38 (2007), holding that, in the absence of procedural error, courts of appeals are to review the substantive reasonableness of sentences for abuse of discretion. The Court subsequently granted certiorari in Wilson's case, vacated our judgment, and remanded for reconsideration in light of Gall. On remand, the parties have filed supplemental briefs, and we now affirm.

The district court properly calculated the advisory Guidelines range, considered the relevant factors of 18 U.S.C. § 3553(a), considered the relevant individual circumstances of Wilson's situation, considered his arguments in support of a variance below the advisory Guidelines range, and considered no irrelevant factors. In doing so, the district court noted Wilson's extensive criminal history and the absence of meaningful reasons to distinguish his situation from that of his co-defendant.

The district court's within-range sentence is presumptively reasonable, Rita v. United States, 551 U.S. 338, 347–48 (2007), and we find nothing to overcome that presumption in the present case. Wilson argues that the maximum sentence under Iowa law for an analogous crime is substantially shorter and that, based on his age, the 444-month sentence is essentially a life sentence. The district court was aware of his age and did not abuse its discretion in rejecting his argument. Further, we have held post-Booker that an arguable discrepancy between state and federal sentences for similarly situated defendants is not an appropriate consideration under § 3553(a). United States v. Jeremiah, 446 F.3d 805, 808 (8th Cir. 2006). In light of the advisory range, Wilson's extensive criminal history, and his demonstrated dangerous propensities, it is clear that the district court did not abuse its discretion.

We affirm the judgment of the district court.

_____