# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2443

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Daniel Schaller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: May 18, 2018
Filed: August 3, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Thomas Daniel Schaller violated the terms of his supervised release by consuming alcohol, failing to comply with periodic substance-abuse testing, and

operating a motor vehicle while intoxicated.  The district court[1] sentenced him to two years in prison and one year of supervised release—more than twice the upper end of the sentencing range of five to eleven months in prison.  Schaller argues on appeal that his sentence is substantively unreasonable.

A sentence is substantively unreasonable when "the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (citation omitted).  Schaller's challenge primarily falls into the third category: he believes the district court committed a clear error of judgment in imposing such a lengthy sentence.  We disagree.

The district court specifically considered the 18 U.S.C. § 3553(a) factors and discussed the reasons for imposing an above-Guidelines-range sentence.  The reasons included the number, frequency, and variety of the violations committed by Schaller, who had a "[h]istory of noncompliant behavior while on community supervision." The court also expressed concern that releasing Schaller back into the community too quickly would pose a "risk to the public" based on his inability to comply with the basic conditions imposed upon him in the past.  In short, the court did not abuse its discretion in imposing an above-Guidelines-range sentence because it made an individualized assessment and fully considered Schaller's arguments.  *See United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009).

Schaller also suggests that a sentence of two years in prison is too long because the maximum sentence he could have received for the drunk-driving incident that led

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

to the revocation of his supervised release would have been one year in prison under Iowa law. District courts, however, may not "consider a potential federal/state sentencing disparity." *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006). And even if they could, the court was revoking Schaller's supervised release, not sentencing him for the drunk-driving incident. The fact that Schaller might have been given only a one-year sentence in Iowa for driving drunk does not cast doubt on the reasonableness of the two-year sentence he received for violating a myriad of supervised-release conditions. *See United States v. Larison*, 432 F.3d 921, 922, 924 (8th Cir. 2006) (upholding a sixty-month sentence, well above the Guidelines range of five to eleven months, because the district court considered the defendant's repeated violations of his supervised-release conditions, failure to complete drug-treatment programs, and continued criminal conduct).

Accordingly, we affirm the judgment of the district court.

_____