[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-8124
Non-Argument Calendar
_____

D. C. Docket No. 1:96-CR-285-1-GET

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUMANIKA SHAMON SEARCY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 14, 1998)**

Before EDMONDSON, BLACK and HULL, Circuit Judges.

**PER CURIAM:**

Dumanika Searcy appeals the district court's decision to deny his motion to depart downward, under U.S.S.G. § 5K2.0, on the ground that he might have received a lower sentence in state court for the same crime. Applying such a departure would undermine the nationwide uniformity that Congress sought to ensure when it promulgated the sentencing guidelines; so, we adopt the same standard as four other circuits deciding against this kind of departure. Because the district court correctly refused to depart from Searcy's applicable guidelines range, we affirm.

After DeKalb County police arrested Searcy on outstanding warrants, and discovered 59.9 grams of crack cocaine on him, Searcy, in federal court, pled guilty to possession with intent to distribute cocaine (Base). Before sentencing, Searcy submitted a motion for downward departure, arguing that he "should not have been singled out

2

from the great majority of cases for prosecution and sentence under Federal Law." Therefore, Searcy argued that the district court should depart downward to about the sentence he would have received under Georgia law.

On appeal, Searcy argues that there was no federal task force, no fellow defendants involved in federal prosecution, and no federal money involved in this case and, therefore, that this case should only have been prosecuted at the state level. Searcy contends that, because this situation was not considered by the sentencing guidelines, there existed in his case a circumstance "not adequately taken into consideration by . . . the guidelines," U.S.S.G. § 5K2.0.

According to Searcy, the district court judge should have considered a downward departure. In so doing, the district judge should have considered that this case fell under the exception that, when a case is different, to an unusual degree, from the "heartland" of cases covered by the guidelines, the

sentencing court should depart from the guidelines.  Searcy argues that the court abused its discretion in finding that it was precluded as a matter of law from considering a downward departure on the grounds argued by Searcy. For background, see Koon v. United States, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

The district court decided that it did not possess the legal authority to depart downward in this case. Under United States v. Williams, 948 F.2d 706, 708 (11th Cir. 1991), we review the district court's conclusion of law.

In Koon, the Supreme Court set out questions to consider when deciding whether to depart from the guidelines established by the Sentencing Commission. These questions are the ones  mentioned: (1) what features of the case make it outside the guidelines' "heartland" and make it special or unusual? (2) did the Commission forbid departure based on those features? (3) if not, did the Commission encourage

departure based on those features? and (4) if not, did the Commission discourage departure based on those features? 116 S.Ct. at 2045.

Because the guidelines give no specific comments on federal and state sentencing differences, we must decide, under Koon's first factor, whether this case falls outside the guidelines' "heartland." While this issue is one of first impression for us, other circuits already have ruled that a prosecutor's choice of federal rather than state jurisdiction is not a permissible circumstance to consider for departing downward. See United States v. Haynes, 985 F.2d 65, 69 (2d Cir. 1993); United States v. Deitz, 991 F.2d 443, 447 (8th Cir. 1993) (theoretical sentence defendant might have received in state court no basis for departure); United States v. Sitton, 968 F.2d 947, 962 (9th Cir. 1992) (no departure available because of disparities between state and federal sentencing regimes); United States v. Dockery, 965 F.2d 1112, 1118 (D.C.Cir. 1992)

5

(allowing departures for other forum's "transferred" defendants would defeat the standardizing purpose of the sentencing guidelines).

The Commission did consider that the 'charge offense' system gave the prosecutor influence on sentencing but decided that the prosecutor's ability to increase a sentence would be limited by the defendant's actual conduct. <u>See</u> U.S.S.G. Ch.1, Pt.A, 4(a). Searcy could not have been charged if there was not a prima facie case allowing the prosecutor to file in federal court.

We follow the other circuits. Allowing departure because the defendant could have been subjected to lower state penalties would undermine the goal of uniformity which Congress sought to ensure: federal sentences would be dependent on the practice of the state within which the federal court sits. Because the district court correctly refused to depart

6

from Searcy's applicable guidelines range on the basis of the punishment that would be imposed in state court, we affirm.

AFFIRMED.