UNITED STATES of America, Plaintiff–Appellant,

v.

Joacko WILLIAMS, Defendant–Appellee.

No. 00–10629.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001.*

Filed March 4, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Thomas E. Flynn, Assistant United States Attorney, Sacramento, CA, for the appellant.

Danny D. Brace, Jr., Sacramento, CA, for the appellee.

Before: CANBY, HAWKINS and GOULD, Circuit Judges.

## OPINION

CANBY, Circuit Judge.

The government appeals a criminal sentence. The district court departed downward from defendant Joacko Williams's applicable sentencing guidelines range because of its view that Williams would have received a lesser sentence had he been prosecuted in state court, as the district court believed he should have been. The United States contends that the district court abused its discretion in departing on this ground. We agree, and we accordingly vacate Williams's sentence and remand for resentencing.

### Factual Background

Williams pleaded guilty to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Williams's total offense level and criminal

history category resulted in a prescribed sentencing range of 37–46 months under the United States Sentencing Guidelines.

At the sentencing hearing, the district court indicated that it found the case troubling. The court noted that, had the case been prosecuted in California state court, Williams probably would have received a prison sentence of nine months to one year, and that "it just was the fact that [the case was] in federal court, for no apparent reason other than it's possible, that [Williams was] going to do 37 months." Viewing this result to be "eminently unfair," the district court departed downward from Williams's guideline range, imposing a sentence of 24 months. The United States now appeals the sentence, contending that the court improperly departed downward on the basis of a perceived federal/state sentencing disparity.

## Discussion

■ The sole issue in this appeal is whether the district court abused its discretion when departing downward from Williams's sentencing guideline range because of its belief that Williams would have received a lesser sentence had he been prosecuted in state court, as the district court would have preferred.[1] Prior to 1996, this issue would have been more easily resolved, because the law of our circuit at that time provided that a federal/state sentencing disparity was never an

appropriate factor for departing from an applicable guidelines range. *See United States v. Sitton*, 968 F.2d 947, 962(9th Cir.1992). In 1996, however, the Supreme Court decided *Koon v. United States*, 518 U.S. 81, 96–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), and held that courts of appeals cannot categorically forbid a district court from departing downward on any basis except those expressly proscribed by the Guidelines.[2] *Id.* at 109, 116 S.Ct. 2035. Because the Guidelines do not expressly prohibit courts from departing on the basis of federal/state sentencing disparities, *Koon* militates against a categorical prohibition of such downward departures.[3]

■ We conclude, however, that *Koon* nevertheless precludes the departure in Williams's case. Even when the Sentencing Commission has not categorically proscribed consideration of a factor as a ground of departure, that factor may support a departure only if the factor, as it occurs in the particular case, "takes the case outside the heartland of the applicable Guideline." *Id.* In this case, the district court abused its discretion in departing on the ground that there was a disparity between federal and state penalties, because that fact is not sufficiently unusual to take Williams's case outside of the "heartland" of his guideline range. *Cf. Sitton*, 968 F.2d at 962 ("Drug defendants often would face different sentences if tried on equivalent state charges. This disparity is not,

1. We review the district court's sentencing decision for an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

2. The statutory authority that allows district courts to depart from a guidelines range is 18 U.S.C. § 3553(b), which provides that a district court may depart from the applicable guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commis-

sion in formulating the guidelines that should result in a sentence different from that described."

3. It is worth observing, however, that since *Koon* two circuits have held that district courts cannot depart on the basis of federal/state sentencing disparities. *See United States v. Snyder*, 136 F.3d 65, 70 (1st Cir. 1998); *United States v. Searcy*, 132 F.3d 1421, 1422 (11th Cir.1998).

therefore, an unusual factor warranting departure."); *United States v. Searcy*, 132 F.3d 1421, 1421–22 (11th Cir.1998) (holding that differences in federal and state penalties do not by themselves take a case outside of the Guidelines' "heartland"). Indeed, under the reasoning advanced by the district court, virtually every criminal defendant in Williams's guideline range who was tried in federal court in California would be entitled to a downward departure, because they all presumably would be entitled to a lesser sentence in California state court. Allowing this result to stand would undermine the goal of uniformity that Congress sought to ensure in enacting the Guidelines, because every federal sentence would become dependent upon the practice of the state within which the federal court sits. *Sitton*, 968 F.2d at 962; *see also Searcy*, 132 F.3d at 1422; *United States v. Snyder*, 136 F.3d 65, 69 (1st Cir.1998). We decline to permit such a result to occur.

Perhaps sensing that the district court's reliance on the disparity between federal and state sentencing regimes was improper, Williams contends that his sentence can nonetheless be upheld because the district court based the downward departure on other, permissible factors. The law and the record do not support this contention.

▆▆▆ Williams first observes that the district court partly relied upon what it viewed as an improper decision of the government to prosecute Williams in federal rather than state court. This observation is of no help to Williams. As we stated in *United States v. Banuelos–Rodriguez*, 215 F.3d 969, 975 (9th Cir.2000) (en banc), unless a prosecutor "inappropriately manipulated the charges" against a defendant or a "plea agreement fails to reflect the seriousness of his crime," the Guidelines simply "do not give courts the authority to interfere with a prosecutor's exercise of discretion in charging and plea bargaining by departing from an applicable Guideline range." *Id.* Although here the district court asserted that the prosecutor's charging decision was "random" and "serendipitous," there is no evidence that the decision to prosecute in federal court was in any way an abuse of power. *Cf. United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (as "long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.") (internal quotations and citation omitted). Consequently, to the extent that the district court departed because of the government's decision to prosecute in federal court, the court abused its discretion.

Williams's other contention is that the district court recognized that Williams's criminal history was "overstated," and properly exercised its authority to depart downward on this basis. Unfortunately for Williams, the district court did not do so. On the contrary, the district court stated that Williams's criminal history was *not* overstated, and noted that the real problem was that Williams's criminal history would have been given a different effect in "state court where [Williams] belong[ed]." This perceived problem is but another face of the federal/state sentencing disparity. In light of its explicit statements in the record, the district court cannot be understood to have departed downward on the ground that Williams's criminal history, as calculated under the federal Guidelines, was overstated. *See United States v. Green*, 105 F.3d 1321, 1322 (9th Cir.1997) (noting that this court does "not search the record for permissible reasons for departure" but instead "analyze[s] the reasons *actually given* by

the district court.") (internal quotations and citations omitted) (emphasis added).

We conclude, therefore, that the district court departed downward on the grounds of disparity between federal and state sentences for Williams's crime, and of the prosecutor's decision to charge Williams in federal court. Departure on these grounds was an abuse of discretion. We accordingly vacate Williams's sentence and remand for resentencing.

**VACATED AND REMANDED.**