**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Oscar Francisco TORRES, Defendant—Appellant.**

**No. 03–30283.**

**D.C. No. CR–02–02197–RHW.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Katherine Jill Bolton, U.S. Attorney's Office, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Carney & Marchi, P.S., Seattle, WA, for Defendant–Appellant.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Oscar Francisco Torres appeals the sentence imposed following his guilty plea to

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

298

possession with intent to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Torres contends that the district court erred by denying his request for a downward departure based on aggressive government action leading to an increase in the amount of drugs transacted. We lack jurisdiction to review this decision because the district court's explanation of its decision indicates that it recognized its authority to depart on this ground and denied the request, in its discretion, based on the facts presented. *United States v. Lipman,* 133 F.3d 726, 731–32 (9th Cir.1998).

Torres contends that a downward departure is also warranted because of the disparity between Torres' federal sentence and the sentence he could have received in state court. To the extent Torres raised this contention in the district court as part of his request for the government-misconduct departure, we lack jurisdiction to review the district court's discretionary denial. *Id.* To the extent this ground for a departure was not raised in the district court, we decline to entertain it for the first time on appeal. *United States v. Antonakeas,* 255 F.3d 714, 720 (9th Cir. 2001).

Torres did raise for the first time on appeal his contention that the federal-state sentencing disparity amounts to a violation of the Equal Protection Clause. There was no plain error. *See United States v. Rearden,* 349 F.3d 608, 614 (reviewing for plain error constitutional challenge to Sentencing Guidelines raised for the first time on appeal); *United States v. Williams,* 282 F.3d 679 (9th Cir.2002) (acknowledging that the Guidelines do not expressly prohibit a downward departure on the basis of federal-state disparities, but reversing a

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

departure based on the federal-California disparity because otherwise "every federal sentence would become dependent on the practice of the state within which the federal court sits.").

**AFFIRMED.**