**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Dennis LENIHAN, III,**
**Defendant–Appellant.**

No. 06–30488.

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2007.*

Filed May 30, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Anna S. Peckham, Esq., Joseph E. Thaggard, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Mark D. Meyer, Esq., Ugrin Alexander Zadick & Higgins, PC, Great Falls, MT, for Defendant–Appellant.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

### MEMORANDUM **

James Dennis Lenihan III appeals his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

■ A rational trier of fact could have found Lenihan guilty of the charged offenses beyond a reasonable doubt based on evidence that he was in the area with James Hopkins on the night in question.

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (setting standard). He was seen carrying an object wrapped under a jacket that could have been a long gun. A black backpack containing .30.06 caliber ammunition and Nike shorts was found one block to the north. DNA linked Lenihan to the shorts. The .30.06 caliber ammunition left by Lenihan, and found in the black backpack, was the same caliber as that found at the scene of the carjacking.

■ The district court did not abuse its discretion in applying a two-level enhancement for reckless endangerment during flight. U.S.S.G. § 3C1.2. Lenihan drove at speeds approaching 60 miles per hour through a residential neighborhood while Hopkins pointed a gun at the pursuing police officers. Under the Guidelines, Lenihan is responsible for his own actions as well as the conduct he aided and abetted. *Id.* app. n. 5.

■ Lenihan's sentence is reasonable. The district court balanced the 18 U.S.C. § 3553(a) factors, including his methamphetamine addiction, before imposing the sentence. The Sentencing Reform Act of 1984 sought to limit sentencing disparities within the federal system, *see* U.S.S.G. § 1A1.1 n. 3, and Lenihan's sentence is not rendered unreasonable simply because it differs from Hopkins's state sentence. *See, e.g., United States v. Williams,* 282 F.3d 679, 681 (9th Cir.2002); *United States v. Vilchez,* 967 F.2d 1351, 1354 (9th Cir. 1992).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Lenihan's challenge to his conviction on the third count of the indictment is addressed separately in a published opinion.