**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David Michael HILL, a/k/a Dave Hill, Defendant—Appellant.**

**No. 06–50555.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007.[*]

Filed June 12, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jonathan P. Milberg, Esq., Pasadena, CA, for Defendant–Appellant.

Before: THOMAS, FISHER and GOULD, Circuit Judges.

## MEMORANDUM **

David Michael Hill pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) in January 2004. He now challenges his 27–month sentence as unreasonable and argues that the district court improperly relied on activities protected by the First Amendment in imposing his sentence.  We disagree.

As the district court noted, a 27–month sentence is appropriate in light of the need to avoid sentencing disparities, the serious nature and circumstances of Hill's offense and the Guidelines-recommended range of 27 to 33 months imprisonment.  *See* 18 U.S.C. § 3553(a).  For the reasons set out by the district court, Hill's sentence is not unreasonable under any standard of review.  Nor was the district court's sentence unreasonable because it did not take into consideration disparities between federal and state sentences for Hill's crime.  *See United States v. Williams,* 282 F.3d 679, 682 (9th Cir. 2002).

The district court's consideration of Hill's conversations and stories involving children in sexually explicit situations did not violate the First Amendment.  The materials were relevant to Hill's risk of recidivism and were not considered for any

Becky S. Walker, Esq., Tracy L. Wilkison, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

improper purpose. *See Dawson v. Delaware,* 503 U.S. 159, 166, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992); *see also United States v. Curtin,* 489 F.3d 935 (9th Cir.2007) (en banc) ("[T]he Supreme Court has held on many occasions in other contexts that opinions and other information that otherwise might be entitled to First Amendment protection are not immune from discovery and use as evidence in court, as long as they are relevant to an issue in a given case.").

Finally, Hill's challenge under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was waived for failure to raise it in his opening brief. *See International Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

**AFFIRMED.**