[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 28, 2007
THOMAS K. KAHN
CLERK

No. 07-12468
Non-Argument Calendar

_____

D. C. Docket No. 05-00388-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABELARDO LOPEZ SALAZAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 28, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Abelardo Lopez Salazar appeals his sentence of 135 months of

imprisonment imposed following a plea of guilty to conspiracy to distribute and possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. See 46 U.S.C. app. §§ 1903(a), (g), (j) (1994); 18 U.S.C § 2; 21 U.S.C. § 960(b)(1)(B)(ii). Salazar argues that he was entitled to a minor role reduction, see United States Sentencing Guidelines § 3B1.2 (Nov. 2005), and that the district court imposed an unreasonable sentence when it failed to consider pertinent sentencing disparities. We affirm.

Salazar first contends that the district court erred when it denied him a reduction based on his role in the offense, which Salazar contends was minor. We review the determination of a defendant's role in an offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999). "[T]he district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." Id. at 940. "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." Id. at 944. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule

2

of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945.

This appeal does not present the rare instance of clear error about the denial of a minor role reduction. The record establishes that Salazar, who was both a crew-member and navigator of the vessel, was not less culpable than most other participants, and the district court did not misapply the law. The district court did not clearly err when it denied Salazar a minor role reduction.

Salazar also argues that his sentence is unreasonable. Salazar argues that the district court refused to consider the possible disparity between Salazar's sentence and the potential sentences of Salazar's Ecuadorian co-conspirators who were released to the Ecuadorian government for prosecution. Salazar's argument fails.

The transcript of the sentencing hearing establishes that the district court sentenced Salazar after careful consideration of Salazar's arguments in favor of mitigation, the Guidelines range, and the statutory factors for sentencing, 18 U.S.C. § 3553(a). Section 3553(a)(6) requires a district court to consider sentence disparities only "among defendants with similar records who have been found guilty of similar conduct." Id. § 3553(a)(6). The district court correctly refused to consider potential disparities between Salazar's sentence and the sentences of his co-conspirators imposed by courts in Ecuador. "The sole concern of section

3

3553(a)(6) is with sentencing disparities among federal defendants." United States v. Clark, 434 F.3d 684, 687 (4th Cir. 2006) (emphasis omitted); United States v. Searcy, 132 F.3d 1421 (11th Cir. 1998). The sentence Salazar received, which was at the low end of the advisory Guidelines range, was reasonable.

Salazar's sentence is

**AFFIRMED.**