# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

　　　　　v.

ARNOLD RINGGOLD,
　　　　　　*Defendant-Appellant.*

No. 06-10492

D.C. No. CR-05-
00805-MJJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted
December 15, 2008—Pasadena, California

Filed July 7, 2009

Before: J. Clifford Wallace, Edward Leavy and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Thomas

**COUNSEL**

Barry J. Portman, Federal Public Defender, and Jerome E. Matthews (argued), Assistant Federal Public Defender, Oakland, California, for the defendant-appellant.

Joseph P. Russoniello, United States Attorney, Barbara J. Valliere, Assistant United States Attorney, and W.S. Wilson Leung (argued), Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

**OPINION**

THOMAS, Circuit Judge:

This appeal concerns the question whether, after *United States v. Booker*, 543 U.S. 220 (2005), a district court abuses its discretion by declining to consider the disparity between a recommended Guidelines sentence and the maximum sentence a defendant would receive if convicted of the same conduct in state court. Under the circumstances presented by this case, we hold that the district court did not abuse its discretion

or commit procedural error in declining to consider such a disparity. Additionally, we hold that the sentence imposed by the district court was not substantively unreasonable.

I

Arnold Ringgold pled guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The pre-sentence report calculated a base offense level of 24 under section 2K.2.1(a)(2) of the Sentencing Guidelines because Ringgold had at least two prior felony convictions for controlled substance offenses. *See* U.S.S.G. § 2K2.1(a)(2) (Nov. 2008). The recommended sentence represented a ten-level increase over the base offense level otherwise applicable to Ringgold under section 2K.2.1(a)(6). The pre-sentence report also advocated a two-level enhancement because the firearm had an obliterated serial number, a three-level down-ward departure for acceptance of responsibility, and a criminal history category of VI, resulting in an advisory Guidelines range of 92 to 115 months.

At sentencing, the government recommended the low-end Guidelines sentence of 92 months. Ringgold proposed a 60-month sentence, arguing that the section 2K2.1(a)(2) base offense level of 24 was unwarranted because his prior controlled substance convictions involved only small amounts of marijuana and were relatively non-serious. He also argued that the district court judge should take into account the fact that he would be subject to a maximum three-year sentence if convicted of the same conduct in a California state court. The district court addressed these arguments, analyzed the 18 U.S.C. § 3553(a) factors in Ringgold's case, and determined that these factors warranted the low-end recommended Guidelines sentence of 92 months' imprisonment.

We review a district court's imposition of sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 128 S.

Ct. 586, 597 (2007)). When reviewing a sentence, "we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *Id.* "It would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range; to treat the Guidelines as mandatory instead of advisory; to fail to consider the § 3553(a) factors; to choose a sentence based on clearly erroneous facts; or to fail adequately to explain the sentence selected, including any deviation from the Guidelines range." *Id.* "We must reverse if the district court committed a significant procedural error." *United States v. Gomez-Leon*, 545 F.3d 777, 782 (9th Cir. 2008). In determining substantive reasonableness, we are to consider the totality of the circumstances. *Carty*, 520 F.3d at 993.

II

Under the circumstances presented by this case, the district court did not commit procedural error in its 18 U.S.C. § 3553(a) analysis by not considering the disparity between the 92-month recommended Guidelines sentence and the sentence Ringgold would receive if convicted for the same conduct in California state court.

Prior to the Supreme Court's decision in *Booker*, we held that a district court abused its discretion in departing from a Guidelines range sentence based on the fact that a defendant would receive a lower state court sentence for the same conduct. *United States v. Williams*, 282 F.3d 679, 681-82 (9th Cir. 2002). We noted that allowing the departure solely based on federal-state sentence disparities "would undermine the goal of uniformity that Congress sought to ensure in enacting the Guidelines, because every federal sentence would become dependent upon the practice of the state within which the federal court sits." *Id.* at 682. Therefore, we concluded that a downward departure based on a pure comparison between federal and state court sentences for the same criminal con-

duct was not a factor that took the case "outside the heartland of the applicable Guideline." *Id.* at 681 (citation omitted).

*Booker*, of course, changed the legal landscape of federal sentencing analysis. Ringgold contends that in the post-*Booker* advisory Guidelines world, in which a sentencing judge must consider all the § 3553(a) factors in arriving at a sentence, the district court abused its discretion by not taking into consideration the disparity between the recommended Guidelines sentence and the sentence he would have received in state court.

Ringgold's theory cannot be squared with the discretion committed to the district courts by *Booker* and its progeny. We conclude that a district court does not commit procedural error in its 18 U.S.C. § 3553(a) analysis if it does not consider disparities between state and federal sentences for the same criminal conduct.

**[1]** The starting point for our analysis is the governing statute. It is true, as Ringgold points out, that one of the factors that district courts must consider in imposing sentences under the statute is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, this statutory provision requires district courts to consider sentencing disparities between similarly situated *federal* defendants. It does not require district courts to consider sentence disparities between defendants found guilty of similar conduct in state and federal courts.

**[2]** The Sentencing Reform Act of 1984 created the United States Sentencing Commission to "establish sentencing policies and practices for the *Federal* criminal justice system." 28 U.S.C. § 991(b)(1) (emphasis added). The Commission is charged with "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct . . . ." 28 U.S.C.

§ 991(b)(1)(B); *see also Booker*, 543 U.S. at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."). Although *Booker* rendered the Guidelines advisory, it did not extinguish the objective of ensuring nationwide consistency in federal sentencing. *Booker* acknowledged that some degree of uniformity would be sacrificed under a non-mandatory federal sentencing scheme. *See Booker*, 543 U.S. at 263 ("We cannot and do not claim that use of a 'reasonableness' standard will provide the uniformity that Congress originally sought to secure."). Nonetheless, *Booker* maintained that the non-mandatory Guidelines system it announced would further Congress' original objectives of "honesty," "uniformity," and "proportionality." *Id.* at 264.

**[3]** Furthermore, the Supreme Court has since reaffirmed the goal of uniformity in federal sentencing. *See Gall*, 128 S. Ct. at 596 ("As a matter of administration and to secure *nationwide* consistency, the Guidelines should be the starting point and the initial bench mark.") (emphasis added). We agree with those circuits to have reached the issue that a district court judge does not abuse his discretion in declining to consider under § 3553(a)(6) the sentence a defendant would have received for the same conduct in state court. *See United States v. Johnson*, 505 F.3d 120, 123-24 (2d Cir. 2007) (holding district court did not err "by declining to adopt an approach that would have decreased sentencing disparities between [the defendant] and any similarly-situated state defendant but *increased* sentencing disparities between [the defendant] and any similarly-situated federal defendant prosecuted in different states"); *United States v. Malone*, 503 F.3d 481, 486 (6th Cir. 2007) (holding that § 3553(a)(6)'s "admonition that sentencing courts avoid unwarranted disparities is directed only at federal court to federal court disparities, not those that may exist between federal and state courts"); *United States v. Schmitt*, 495 F.3d 860, 863 (7th Cir. 2007) (holding that "adjusting federal sentences to accord with those imposed for similar crimes in state court would undermine the

goal of uniformity within the federal system"); *United States v. Branson*, 463 F.3d 1110, 1112 (10th Cir. 2006) (stating that adjusting federal sentences to conform to state sentences would be at odds with purpose of § 3553(a)(6)); *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) ("Unwarranted sentencing disparities among federal defendants remains the only consideration under § 3553(a)(6)—both before and after *Booker*."); *United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006) ("The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants") (emphasis removed). A contrary holding would undermine the objective of uniformity in federal sentencing that continues after *Booker*. Several post-*Booker* cases cited by Ringgold are not to the contrary, as they involve disparities in sentences between *federal* defendants. *See, e.g.*, *Spears v. United States*, 129 S. Ct. 840, 843-44 (2009) (upholding district court's departure from recommended Guidelines sentence for crack-cocaine offense based on district court's policy disagreement with disparate treatment under Guidelines of crack versus powder cocaine offenders); *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007) (no "abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case"); *see also United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740-41 (9th Cir. 2009) (analyzing circuit split as to whether, after *Kimbrough*, district courts may depart from Guidelines under § 3553(a)(6) based on sentencing disparity between federal defendants within and without "fast-track" districts).

**[4]** Thus, we must reject Ringgold's assertion that a district court is required by § 3553 to consider comparable state sentences. A district court does not commit procedural error by declining to consider the state sentence the defendant would have likely received for the same conduct.

Because the district court did not rely on the federal-state sentencing disparity in this case, we need not address the gov-

ernment's argument that a district court may *never* consider, in the course of its § 3553(a) analysis, the sentence a defendant would receive if convicted of similar conduct in state court. District court judges are required to "consider *all* of the § 3553(a) factors to determine whether they support the sentence requested by a party" and to "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 596-97 (emphasis added). We need not decide whether consideration of a defendant's potential state sentence may be relevant to a judge's analysis of sentencing factors other than § 3553(a)(6). *See Clark*, 434 F.3d at 687-88 (noting that "[t]here may be unusual cases when, despite the disparities among federal defendants created by the consideration of state sentencing practices, the sentence imposed will yet be reasonable in light of all of the section 3553(a) factors, because state sentencing practices will inform the proper consideration of factors other than section 3553(a)(6)").

**[5]** Given the circumstances presented by this case, in which the only argument asserted was disparity between the federal and analogous state statute, the district court did not commit procedural error in declining to consider the difference in sentences.

III

The sentence imposed by the district court is not substantively unreasonable. Ringgold argues that in applying the U.S.S.G. § 2K2.1(a)(2) base offense level of 24, the district court should have taken into account the fact that his prior convictions for controlled substance offenses involved marijuana in relatively small amounts. Ringgold contends that his sentence is substantively unreasonable because it is greater than necessary to comply with the sentencing purposes set forth at 18 U.S.C. § 3553(a)(2).

**[6]** While it is true that section 2K2.1(a)(2) does not distinguish between offenses involving different drug types and

quantities, the district court did not abuse its discretion in holding the section 2K2.1(a)(2) base offense level was warranted in Ringgold's case. The district court judge found that Ringgold had three prior felony convictions for sale of marijuana in addition to an otherwise lengthy criminal history and found significant the short time frame between Ringgold's convictions for the controlled substance offenses. The judge found the deterrence and public protection factors at § 3553(a)(2) favored the 92-month sentence because Ringgold's prior imprisonment "has not made a significant impact upon him so much so that he picked up this offense while on parole after having been sent to state prison for the first time." While we recognize that application of section 2K2.1(a)(2) might lead to a substantively unreasonable sentence in some cases, the district court judge did not abuse his discretion here.

## IV

In sum, we conclude that on the facts of this case, the district court acted within its discretion in declining to consider in its § 3553(a) analysis the sentence Ringgold would have received in state court for the same conduct and in finding Ringgold's prior controlled substance offenses warranted the Guidelines base offense level.

**AFFIRMED.**