[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12793
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-21040-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGAUD ANDRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 15, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Rigaud Andre ("Andre") appeals his 121-month sentence after pleading

guilty to importing more than 500 grams of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B). He argues that: (1) his sentence is unreasonable because the district court (a) improperly considered the disparity between the sentence Andre could receive in federal court versus state court, and (b) the district court failed to give adequate consideration to the need to avoid unwarranted sentencing disparities; and (2) the district court erred in denying his request for a minor role reduction.

## I.

We review a sentence imposed by a district court for reasonableness. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). When reviewing the reasonableness of a sentence, we first must "ensure that the district court committed no significant procedural error." *Id.* After we determine that the district court's sentencing decision is procedurally sound, we review the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.* A sentence may be substantively unreasonable if the district court bases the sentence on impermissible factors or fails to consider pertinent 18 U.S.C. § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008) (citation omitted). Moreover, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and [this Court] will

2

not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotations and citation omitted). Since we review the totality of the circumstances, a district court need not discuss each § 3553(a) factor. *Pugh*, 515 F.3d at 1191 n.8; *United States v. Talley,* 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) ("an acknowledgment by the district court that it has considered the defendant's arguments and the factors in Section 3553 is sufficient").

The appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. While a sentence within the United States Sentencing Guidelines range ("Guideline") is not *per se* reasonable, we ordinarily expect such a sentence to be reasonable. *Id.*

A.    *Andre's State and Federal Sentence Comparison Argument*

Andre argues that his sentence was unreasonable because the district court gave undue weight to the sentence he could have received in state court while discussing the 18 U.S.C. § 3553(a)(6). In support of his argument, Andre cites to our opinion in *United States v. Searcy*, 132 F.3d 1421 (11th Cir. 1998) (per curiam) (holding that the district court did not err when it "refused to depart from Searcy's applicable [G]uidelines range on the basis of the punishment that would

3

be imposed in state court*"*).  *Searcy* however, does not specifically prohibit a district court from simply mentioning a state court sentence.  *See id.*  We have not held that any reference to a state court sentence is completely forbidden.  Additionally, the record does not suggest that the district court imposed a sentence based on state court requirements.  Rather, the record reflects that Andre's sentence was based on the large quantity of cocaine involved, Andre's "supervisory responsibility" over another drug smuggler's cocaine, Dwayne Nash ("Nash"), and the fact that Andre had "obstructed justice."  Tr. 80–81.   Therefore, Andre has failed to establish that his sentence is unreasonable.

B.      *Andre's Section 3553(a)(6) Argument*

Andre argues that the district court failed to adequately consider the disparity between his sentence and Nash's sentence.  He argues, *inter alia*, that because it undisputed that Nash and Andre were convicted of the exact same crime, the district court erred when it imposed a more harsh sentence on Andre than Nash.

Pursuant to § 3553(a), one of the factors the sentencing court must consider is the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  Because the "avoidance of unwarranted [sentencing] disparities was clearly considered by the Sentencing Commission when setting the Guidelines

ranges," a district court necessarily gives weight and consideration to the need to avoid unwarranted sentencing disparities when it correctly calculates and carefully reviews the Guidelines range. *Gall*, 552 U.S. at 54, 128 S. Ct. at 599. "There is no unwarranted disparity when the sentence the cooperating defendant receives is substantially shorter" than sentence of a defendant who does not provide assistance to the government. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (citation and quotation omitted).

The district court accurately determined the applicable Guidelines range, and sentenced Andre within that range.

Next, we consider whether Andre's sentence is reasonable. After review, the record does not support Andre's contention that his sentence is unreasonable in comparison with Nash under 3553(a)(6). In light Section 3553(a)(6), the district court expressly found that Andre and Nash are not similar, but exemplified different conduct because Nash provided "substantial assistance" to the government during the investigation. Tr. 79–80. Whereas Nash cooperated with the government and helped law enforcement build the case against Andre, the district court noted that Andre did not provide any assistance to the government. In consideration of the § 3553(a)(6) factor, the district court articulated the following explanation:

5

there are differences between Mr. Nash and Mr. Andre. Mr. Nash did perform substantial assistance. But for his naming Mr. Andre as a mule on the plane, the [g]overnment very well may not have charged Mr. Andre, may not have held onto him long enough for the surveillance photos and the janitors to come up with other evidence that made the case against Mr. Andre overwhelming.

Tr. 79–80.

At the sentencing hearing, the transcript reflects that the government explained that without Nash's cooperation, it "would never have arrested Mr. Andre because he had dumped all of the cocaine" that he was carrying into the trash. Doc. 44 at 14. Because Nash and Andre did not engage in similar conduct, Andre has failed to show that there is a true disparity. The record illustrates that the district court specifically relied upon these differences in imposing a higher sentence upon Andre. Indeed, Andre's within-range sentence is expected to be reasonable, and Andre has failed to show that it was unreasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788. Accordingly, we find that the district court gave adequate consideration to the need to avoid unwarranted sentencing disparities, and any sentencing disparity that resulted between Nash's and Andre's sentences was not unwarranted.

## II.

A district court's determination of a defendant's role in the offense is a

6

finding of fact to be reviewed only for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). § 3B1.2 of the Guidelines, if a defendant was a minor participant in any criminal activity, a two-level reduction applies. U.S.S.G. § 3B1.2(b). The defendant bears the burden of proving a mitigating role by a preponderance of the evidence. *Rodriguez De Varon*, 175 F.3d at 939. A final determination of the defendant's role in the offense is the only specific factual finding that a district court is required to make. *Id.* at 940. Notwithstanding our deference to the district court's discretion, the district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and (2) his role compared to that of other participants, to the extent that they are discernable, in his relevant conduct. *Id.* at 940, 945. Relevant conduct is the conduct that was used to determine the base offense level. *Id.* at 941.

Andre argues that the district court erred in denying his request for a minor role reduction. A review of the record illustrates that the district court did not commit clear error when it concluded that Andre played more of a role than Nash in a common plan or scheme to smuggle 8 kilograms of cocaine into the United States from Haiti. Tr. 75–77. The district court particularly noted that it believed

"Mr. Andre's role was a little more than a typical mule."  Tr. 77.  Subsequently, it overruled Andre's objection to a lack of a minor role reduction.  Tr. 77.

We conclude that the district court did not clearly err in denying Andre's request for a minor role reduction because it found that Andre had a supervisory role over Nash.

For the foregoing reasons, Andre has failed to meet his burden to show that his within-range sentence was unreasonable, and the district court did not clearly err in failing to apply a minor role reduction.  Accordingly, we affirm.

**AFFIRMED.**