**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30142 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00174-JO-1 |
| v. | |
| JAVIER AVILA-AGUILAR, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Submitted March 8, 2011**
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

Javier Avila-Aguilar appeals his conviction for possession with intent to

distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and the sentence imposed

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

by the district court.  We affirm.  Because the parties are familiar with the history of this case, we need not recount it here.

I

Sufficient evidence existed to sustain the jury verdict.  In examining a jury verdict for sufficiency of evidence, we view the evidence in the light most favorable to the prosecution.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163-65 (9th Cir. 2010) (en banc).  We then determine whether, given the evidence, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319; *Nevils*, 598 F.3d at 1163-65.

In this case, evidence presented to the jury tied Avila-Aguilar to the "stash house" through phone bills, receipts, birth certificates, false identifications, and personal photographs.  Avila-Aguilar left that house, driving the car used in three previous drug sales, carrying five ounces of cocaine and large amounts of cash, and met a confidential informant in the spot specified for a drug transaction.  When construed most favorably to the prosecution, the evidence was sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

We review a district court's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). The district court did not abuse its discretion.

A district court does not commit procedural error by declining to compare federal and state sentences. *United States v. Ringgold*, 571 F.3d 948, 951 (9th Cir. 2009). The record reflects that the district court listened to Avila-Aguilar's arguments and did not otherwise procedurally err. *Carty*, 520 F.3d at 995.

The district court accurately calculated the applicable advisory guideline range and selected a sentence within that range. The court explained that Avila-Aguilar was a repeat offender who refused to accept responsibility. The sentence was not substantively unreasonable.

**AFFIRMED.**