**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10132 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00074-HDM-RAM-1 |
| v. | |
| MARK RUSSELL PSICK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Mark Russell Psick appeals his 63-month sentence for possession of child

pornography, 18 U.S.C. § 2252(a)(5)(B). We have jurisdiction pursuant to 28

U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Psick argues that the district court erred in holding that the Sentencing Guidelines determine the presumptive sentence and thereby required him to shoulder the burden to persuade the court to sentence below the Guidelines range. Psick relies on several discrete statements made by the district court. Read in context, however, those statements simply show that, after discussing the 18 U.S.C. § 3553(a) factors, the district court sentenced Psick to a low-end Guidelines sentence in light of the mine-run nature of the case. Psick concedes as much. The court's approach was consistent with *Gall v. United States*, 552 U.S. 38 (2007), and *United States v. Carty*, 520 F.3d 984, 993 (9th Cir 2008), *cert. denied Zavala v. United States*, 553 U.S. 1061 (2008). There was no procedural error.

Psick further argues that the child pornography Guideline, U.S.S.G. § 2G2.2, is not based on empirical data and national experience. After *Kimbrough v. United States*, 552 U.S. 85 (2007), the district court can disagree with § 2G2.2 based on policy across the board, instead of making an individualized determination that the Guidelines yield an excessive sentence in a particular case. *See United States v. Henderson*, No. 09–50544, — F.3d — , 2011 WL 161341, at *7–8 (9th Cir. Apr. 29, 2011) (so holding). Psick does not argue that the district court failed to recognize its *Kimbrough* sentencing authority. Rather, he argues that the district court's refusal to disregard § 2G2.2 on policy grounds resulted in a substantively

2

unreasonable sentence. But a district court's authority to disagree with § 2G2.2 includes the authority to agree with it. *See id*. at *8.

Finally, Psick argues that in failing to sentence him below the Guidelines range, the district court created unwarranted sentencing disparities in violation of 18 U.S.C. § 3553(a)(6). *See United States v. Ringgold*, 571 F.3d 948, 951 (9th Cir. 2009) (Section 3553(a)(6) requires district courts to consider sentencing disparities among similarly situated defendants.). Psick contends that there is an "emerging national consensus" that U.S.S.G. § 2G2.2 is not entitled to deference and that judges must routinely sentence run-of-the-mill child pornography offenders below the Guidelines range.

The district court carefully considered Psick's argument, but rejected it because the statistics lacked the kind of specificity that would make meaningful comparisons possible. The district court did not abuse its discretion in finding that there is not, at least as of now, a "national consensus." Also, the district court necessarily considered the issue of unwarranted disparities by properly calculating and reviewing the Guidelines range. *See Gall*, 552 U.S. at 54 (avoidance of unwarranted disparities was "clearly" considered by the Sentencing Commission when setting the Guidelines ranges, and a district court necessarily gives

significant weight and consideration to the need to avoid unwarranted disparities when it correctly calculates and carefully reviews that range).

The "ultimate question" in Psick's case, just as in other cases, is whether the sentence was reasonable. *Kimbrough*, 552 U.S. at 111. Aside from his already-rejected argument that his low-end-Guidelines sentence violates 18 U.S.C. § 3553(a)(6), Psick does not challenge his sentence as unsupported by the §3553(a) factors.

AFFIRMED.