FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30344 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00034-JLQ-1 |
| v. | |
| KRISTIN W. HAYNES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted June 9, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Kristin W. Haynes appeals her sentence of 24 months' imprisonment

following her guilty plea to four counts of failure to file an income tax return under

26 U.S.C. § 7203. Haynes asserts that the district court committed procedural error

in its calculation of her base offense level by accepting the government's estimate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of tax loss attributable to her and that the court erred in failing to provide adequate reasoning to support its sentencing decision.

**1.      Tax Loss Method**

Haynes asserts that the district court committed procedural error by failing to use the tax loss method provided for in the Sentencing Guidelines, and instead relying on the government's "direct method" calculations.

"If the offense involved failure to file a tax return, the tax loss is the amount of tax that the taxpayer owed and did not pay." U.S.S.G. § 2T1.1(c)(2). "If the offense involved failure to file a tax return, the tax loss shall be treated as equal to 20% of the gross income . . . less any tax withheld or otherwise paid, unless a more accurate determination of the tax loss can be made." U.S.S.G. § 2T1.1(c)(2)(A).

The district court's acceptance of the government's calculation of tax loss, which was supported by an IRS agent's testimony and numerous tables demonstrating Haynes's taxable income and taxes owed, was not clearly erroneous. *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008) ("A calculation of the amount of loss is a factual finding reviewed for clear error.").

The district court did not clearly err in accepting these calculations, despite the government's failure to calculate any deductions or expenses to which Haynes may have been entitled had she filed annual tax returns. *See United States v. Yip*,

592 F.3d 1035, 1041 (9th Cir. 2010) ("We hold that §2T1.1 does not entitle a defendant to reduce the tax loss charged to him by the amount of potentially legitimate, but unclaimed, deductions even if those deductions are related to the offense.").

2.    **Explanation of Sentence**

Haynes contends that the district court committed procedural error by not adequately explaining its tax loss and guidelines calculations.

The district court did not clearly err by failing to provide any additional explanation for its utilization of the "direct method" of tax loss calculation. *See United States v. Colussi*, 22 F.3d 218, 220 (9th Cir. 1994) ("The district court need not state reasons for its factual findings, when it makes a factual finding, and there are no predicate issues of fact contested but not resolved.") (citation omitted).

The district court determined the correct guidelines range, acknowledged the guidelines are advisory and explicitly considered the § 3553(a) factors. There was no procedural error. *See United States v. Ringgold*, 571 F.3d 948, 950 (9th Cir. 2009).

**AFFIRMED.**

3