**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30345 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00034-JLQ-2 |
| v. | |
| SCOTT K. HAYNES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted February 8, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Scott Haynes appeals the sentence imposed following his guilty plea to five

counts of failure to file income tax returns in violation of 26 U.S.C. § 7203.

Haynes's wife, Kristin Haynes, also pled guilty to similar charges, and we recently

affirmed her sentence. *United States v. Haynes*, 442 F. App'x 276 (9th Cir. 2011).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Like his wife, Haynes has argued that the district court erred in calculating the tax loss by relying on the government's "direct method" calculations rather than the default formula of 20% of defendant's gross income. *See* U.S.S.G. § 2T1.1(c)(2)(A) (2009). The district court's calculation, however, was supported by IRS agents' testimony and tables, and Haynes fails to provide evidence showing that the government's method was not more accurate than the method he would prefer. *See id.* The district court's calculation was not clearly erroneous.

Haynes also argues that the district court should have credited him with large deductions for business expenses. The Guideline, however, does not require the tax loss calculation to be reduced by deductions that were never claimed. *See United States v. Yip*, 592 F.3d 1035, 1041 (9th Cir. 2010).

Because the court did not err in the computation of tax loss, there was no error in setting the amount of restitution. *See United States v. Batson*, 608 F.3d 630, 637 (9th Cir. 2010). Neither was there error in the manner of its imposition or its relation to the prison sentence imposed.

The district court also did not err in finding that the crime involved "sophisticated means." Defendant diverted income into loan payments and to Honduran corporations, thereby putting at least $811,000 in assets out of reach of

the government. His actions utilized sophisticated means. *See* U.S.S.G. § 2T1.1 cmt. n.4 (2009).

The district court gave defendant's counsel the opportunity to address the court before sentencing. *See* Fed. R. Crim. P. 32(i)(1)(C) and 32(i)(4)(A). In lieu of having two lawyers address the sentencing, counsel for Kristin Haynes made a sentencing recommendation encompassing both the defendant and his wife.

Haynes faults the district court for having a copy of a prior presentence report when the plea in this case was accepted. Because the plea was unconditional, the court had no discretion other than to accept it provided the requirements of Rule 11(b) were met. *In re Vasquez-Ramirez*, 443 F.3d 692, 696 (9th Cir. 2006). The record does not reflect that the district court improperly received the earlier report. Haynes does not even contend that it had any effect whatsoever on this sentencing.

The sentence is **AFFIRMED**.