NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0025n.06

No. 14-3110

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 08, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| CLAYTON HARRIS, | ) ) | |
| Defendant-Appellant | ) ) | |

BEFORE:    DAUGHTREY, CLAY, and COOK, Circuit Judges.

PER CURIAM.  Defendant Clayton Harris pleaded guilty to an indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  At the sentencing hearing, the district court calculated the applicable Guidelines range as 37 to 46 months.  Harris asked the court to take into account the sentence that he would have received had he been charged in Ohio state court rather than federal court.  Harris's attorney cited 18 U.S.C. § 3553(a)(6), which requires the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and argued that Ohio law would have punished Harris with a maximum prison sentence of 36 months, while allowing for the possibility of probation or community control in lieu of incarceration.  The district court denied the request but did apply a downward variance that resulted in a sentence of 33 months.

On appeal, Harris makes the same argument that he presented in district court, *i.e.*, that in order to satisfy 18 U.S.C. § 3553(a)(6), the court should consider the sentence he would have received had he been charged in state rather than federal court. The district judge declined to do so, saying that he was prevented from taking state sentencing provisions into account under the decisions of this court. The district court undoubtedly had in mind our opinion in *United States v. Malone*, 503 F.3d 481 (6th Cir. 2007), in which we held that "it is impermissible for a district court to consider the defendant's likely state court sentence as a factor in determining his federal sentence." *Id.* at 486. As we explained in *Malone*, "[§ 3553(a)(6)] is directed only at federal court to federal court disparities, not those that may exist between federal and state courts." *Id.*

Because one of the "primary goals" of the Sentencing Guidelines was to "create some uniformity amongst federal defendants convicted of federal crimes and sentenced in federal courts," we concluded in *Malone* that permitting district courts to consider state sentences would "enhance, rather than diminish" the disparities of concern to Congress. *Id.* In taking this position, we are not alone. Every other circuit to consider this question post-*Booker* has concluded that, at a minimum, § 3553(a)(6) does not require district courts to take into account federal-state sentencing disparities. *See United States v. Ringgold*, 571 F.3d 948, 950-53 (9th Cir. 2009); *United States v. Johnson*, 505 F.3d 120, 123-24 (2d Cir. 2007); *United States v. Wurzinger*, 467 F.3d 649, 653-54 (7th Cir. 2006); *United States v. Jeremiah*, 446 F.3d 805 (8th Cir. 2006); *United States v. Clark*, 434 F.3d 684 (4th Cir. 2006); *United States v. Branson*, 463 F.3d 1110, 1112-13 (10th Cir. 2006).

Harris makes two arguments for disregarding *Malone*, but neither is availing. First, he attempts to distinguish *Malone* on the basis that the defendant in that case was an armed career offender and, as the *Malone* court noted, a motivation behind the armed career offender

provisions was Congress's perception that defendants were "treated too gently by state courts." *Malone*, 503 F.3d at 486 (internal quotation marks and citation omitted). But that language appears as an afterthought and only in the portion of the opinion applying the decided-upon rule to the facts. Moreover, *Malone* cited and expressly agreed with cases from other circuits that did not involve armed career offenders. *See, e.g.*, *Wurzinger*, 467 F.3d at 650.

Second, Harris argues that *Malone* is inconsistent with *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008), which held that district courts, in their "discretion, might . . . consider[] local disparities to be a relevant consideration . . . ." But Harris misconstrues the decision in that case, because *Houston* referred to "sentences imposed on other similarly situated defendants" in the same division of the same *federal* district court. *Id.* at 747.

AFFIRMED.