NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMIR HOSSEIN GOLSHAN,

Defendant - Appellant.

No. 23-4030

D.C. No.
2:23-cr-00085-ODW-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 4, 2025
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Defendant-Appellant Amir Golshan ("Golshan") pleaded guilty to

defrauding victims through various online scams and unauthorized intrusions into

their digital accounts, causing over $1 million in losses. Less than two weeks

before sentencing, Golshan moved for a continuance so that his retained

psychologist could more fully prepare an expert report. The district court denied

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the motion and sentenced Golshan to 96 months imprisonment, an upward departure from the Sentencing Guidelines range of 51 to 63 months. Golshan timely appealed, arguing that denial of the requested continuance violated his due process rights, that the district court committed procedural errors at sentencing, and that his sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1.      "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). To determine whether denial of a continuance violates due process, we consider (1) the appellant's diligence in preparing their defense; (2) the likelihood that the need for a continuance would have been met had the continuance been granted; (3) the inconvenience imposed on the court and the opposing party by the continuance; and (4) the extent of harm suffered by the appellant as a result of the denial. *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985). To "obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request." *Id.* at 1359.

Golshan has not established prejudice. His expert submitted a mitigation report that the district court fully considered before imposing the sentence. *Cf. id.*

at 1361–62 (finding prejudice where the defendant was "deprive[d]" of "the only testimony potentially effective to his defense" (citation omitted)). Golshan argues that his expert was only able to prepare a "first draft" and thus did not have an "adequate opportunity" to expand on the connection between Golshan's lifetime of being bullied and his crimes. But the report discussed Golshan's past "mistreatment by others" and connected such mistreatment to his criminal activity. Moreover, there is no indication what additional information the second draft would contain.

2. Golshan argues the district court committed various procedural errors in sentencing. We review for abuse of discretion, *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008), and find none.

First, Golshan faults the district court for considering his sexual extortion of his victims because he was not charged for this conduct. But a district court is free to consider "uncharged" conduct when imposing a sentence. *See United States v. May*, 706 F.3d 1209, 1213 (9th Cir. 2013).

Second, Golshan argues that the district court erred by failing to view his mental health evidence as mitigating. There is no requirement that district courts do so, however. *See* U.S.S.G. § 5H1.3 ("Mental and emotional conditions *may* be relevant in determining whether a departure is warranted[.]" (emphasis added)). Further, the district court did consider this evidence, noting his expert's diagnosis

of various mental health disorders and that he experienced bullying throughout his childhood.

Third, Golshan argues that the district court erred when relying on the probation officer's sentencing recommendation because the probation officer did not have a chance to review Golshan's expert's report and provided an "unfair characterization" of Golshan's pretrial release violations. But the district court acknowledged that the probation officer had not reviewed the expert report, and was otherwise within its discretion to consider Golshan's pretrial release violations as part of his "history and characteristics," suggesting a lack of "respect for the law." 18 U.S.C. § 3553(a)(1)–(2).

3. Finally, considering the "totality of the circumstances" of Golshan's conduct and pretrial release violations, *United States v. Ringgold*, 571 F.3d 948, 950 (9th Cir. 2009), Golshan's sentence is not substantively unreasonable.

**AFFIRMED**.