OPINION
McKEE, Circuit Judge.
Willie Anderson appeals the sentence that was imposed following his guilty plea. He argues that it was unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For the reasons that follow, we will vacate the sentence and remand for resentencing.
I.
Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural history except insofar as may be helpful to our brief discussion. We review the sentence for unreasonableness pursuant to the sentencing factors listed in 18 U.S.C. § 3553(a). Booker, 543 U.S. at 260-61, 125 S.Ct. 738.
Anderson argues that the district court’s sentence is unreasonable because the district court failed to adequately consider any relevant § 3553(a) factors other than the sentencing guidelines. Anderson argued at sentencing that other factors including his family history and the nature of his prior offenses justified a sentence below that suggested by the applicable *89 guideline range. Anderson suggested that the mandatory minimum sentence of five years was appropriate. After hearing this argument and the government’s rebuttal, the district court stated, “If I want to go outside the guidelines, I have to find a reason. And, ultimately, I couldn’t find one ... the probation officer’s presentence [report] recommended a sentence at the low end of the guidelines ... and I decided to place my confidence in that recommendation.” Based on these statements, Anderson argues that the district court placed.undue reliance on the guidelines to the exclusion of the other factors that the court should have considered under 18 U.S.C. § 3558(a). We agree.
The district court’s statement that a specific reason was needed to impose a sentence outside the guidelines is simply wrong. It strongly suggests that the court intended to impose a guideline sentence unless the defendant could produce sufficient reasons to do otherwise. That is contrary to United States v. Cooper, 437 F.3d 324, 330 (3d Cir.2006). There, we said: “At least one court has held a sentencing judge is presumed to have considered all of the § 3553(a) factors if a sentence is imposed within the applicable guidelines range. United States v. Mares, 402 F.3d 511, 519 (5th Cir.2005). We decline to follow this approach.” Rather, in assessing whether a sentence is reasonable, we examine the record for evidence that the court considered all relevant factors under 18 U.S.C. § 3553(a), not just the sentencing guidelines. They are only one such factor. Cooper, 437 F.3d at 329. Although we have explained that a sentence within the appropriate guideline range is more likely to be reasonable than one that is outside of that range, we have expressly rejected the view that a within-guidelines sentence is per se reasonable. Id. at 331. There must still be evidence in the record that the court considered all of the § 3553(a) factors as well as any other appropriate considerations raised by the parties. Id. at 332. Given the district court’s statement that it intended to impose a sentence under the guidelines unless Anderson could establish that a guideline sentence was not appropriate, it is exceedingly difficult to determine if the court considered a guideline sentence to be per se reasonable, or merely relied upon the guideline range as the starting point in considering the other factors under 18 U.S.C. § 3553(a). Given the Supreme Court’s recent reiteration in Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), that the district court “may not presume that the Guideline range is reasonable,” we believe this dispute can best be resolved by remanding the case to the district court. Although the district court did not have the advantage of the Court’s discussion in Gall, we assume that the court was familiar with the identical admonition in Cooper, 437 F.3d at 329-30.
On remand, the court can clarify the extent to which it considered the other sentencing factors, or impose a different sentence after considering each of the appropriate factors under § 3553(a), if the court did not do that when imposing Anderson’s sentence.
II.
Accordingly, for the reasons set forth above, we vacate Appellant’s sentence and remand for resentencing consistent with this opinion.