UNITED STATES of America

v.

Willie ANDERSON, Appellant.

No. 08–4283.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 9, 2009.

Filed: July 14, 2009.

Keith M. Rosen, Esq., Office of United States Attorney, Wilmington, DE, for Plaintiff–Appellee.

Raymond M. Radulski, Esq., Wilmington, DE, for Defendant–Appellant.

Before: SLOVITER, AMBRO and JORDAN, Circuit Judges.

OPINION OF THE COURT

JORDAN, Circuit Judge.

Willie Anderson appeals his sentence, arguing that the United States District Court for the District of Delaware did not properly consider the sentencing factors in 18 U.S.C. § 3553(a). Specifically, he alleges that the Court failed to adequately consider his post-conviction rehabilitation efforts and erred by refusing to account for the disparity between state and federal sentences. Because the District Court considered the appropriate factors and was not required to account for the disparity

between federal and state sentences, we will affirm.

## I. Background

Anderson pled guilty to possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On January 12, 2006, the District Court sentenced him to 108 months in prison, the bottom end of the applicable Sentencing Guidelines range. Anderson filed a timely appeal. While his case was on appeal, Anderson filed a motion with the District Court to have his sentence reduced based on the amendments to the crack cocaine Sentencing Guidelines. The District Court granted his motion and reduced his sentence to 87 months, the bottom end of the amended Guidelines range.

On January 5, 2008, we vacated Anderson's revised sentence and remanded for resentencing. In our opinion, we expressed concern that the District Court may have relied too heavily on the Guidelines range and asked it to "clarify the extent to which it considered the other sentencing factors, or impose a different sentence after considering each of the appropriate factors under § 3553(a), if the court did not do that when imposing Anderson's sentence." *United States v. Anderson*, 316 Fed.Appx. 88, 89 (3d Cir. 2008).

On remand, the District Court allowed the parties to submit sentencing memoranda and, on October 7, 2008, held a resentencing hearing. After hearing arguments from the parties, the Court clarified that it had considered all the § 3553(a) factors. It then adopted its statements from the first sentencing hearing and reimposed the same 87 month sentence.

Anderson filed a timely appeal and argues that the District Court again failed to consider all of the § 3553(a) factors.

## II. Discussion[1]

The Supreme Court has explained that a district court commits a procedural error during sentencing by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). While a district court's bare assertion that it considered the § 3553 factors is not enough, *see United States v. Charles*, 467 F.3d 828, 831 (3d Cir.2006), sentencing courts are not required to discuss and make specific findings as to each factor, *see United States v. Cooper*, 437 F.3d 324, 329 (3d Cir.2006). We examine the entire record to see whether the District Court has meaningfully considered the appropriate factors. *See Rita v. United States*, 551 U.S. 338, 355–56, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

■ The District Court addressed Anderson's rehabilitation during the first sentencing hearing, on January 12, 2006. It explained that it sentenced Anderson to the "low end" of the Guidelines range because of his efforts to improve his life and encouraged him to continue those efforts in prison: "[H]opefully, you'll continue your rehabilitative efforts in prison, and come out and be able to be a father to your children, a companion to [the mother of his

---

1. Because this case involved offenses against the laws of the United States, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the District Court's final judgment and sentence under 28 U.S.C. § 1291.

child], and a good citizen." (App. at 33.) This analysis, which the Court provided during the January 12, 2006 sentencing hearing and adopted during the October 7, 2008 sentencing hearing, is sufficient to show that the Court adequately considered Anderson rehabilitation efforts in crafting its sentence.

■ The District Court correctly declined to consider the disparity between state and federal sentences. While 18 U.S.C. § 3553(a)(6) states that sentencing courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," this provision concerns the need to avoid unwarranted disparities among sentences imposed by federal courts for violations of federal law, not disparities between the potential punishments that may be meted out to state and federal defendants. *See United States v. Clark*, 434 F.3d 684, 687 (4th Cir.2006) ("The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants."); *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir.2006) ("Unwarranted sentencing disparities among federal defendants remains the only consideration under § 3553(a)(6)—both before and after *Booker*.").[2]

On remand, the District Court clarified that it considered all of the § 3553(a) factors and adopted the detailed analysis of Anderson's criminal history, the nature of his offense, and his post-conviction efforts to improve his life, that it had provided during the initial sentencing hearing. The record amply demonstrates that the District Court meaningfully considered the appropriate factors and imposed a procedurally and substantively reasonable sentence.

### III. Conclusion

Because the District Court adequately considered the § 3553(a) factors and because it was correct not to consider the potential disparity between federal and state sentences, we will affirm.

---

2. As several of our sister circuits have observed, "[a]djusting federal sentences to conform to those imposed by the states where the offenses occurred would not serve the purposes of § 3553(a)(6), but, rather, would create disparities within the federal system, which is what § 3553(a)(6) is designed to discourage." *United States v. Branson*, 463 F.3d 1110, 1112 (10th Cir.2006); *see, e.g., Jeremiah*, 446 F.3d at 807–08 ("the 'Commission's goal of imposing uniformity upon federal sentences for similarly situated defendants would be impeded, not furthered,' if potential federal/state sentencing discrepancies were considered.") (quoting *United States v. Deitz*, 991 F.2d 443, 448 (8th Cir.1993)); *United States v. Searcy*, 132 F.3d 1421, 1422 (11th Cir.1998) (per curiam) (stating that consideration of state penalties would "undermine the goal of uniformity" in federal sentences); *United States v. Haynes*, 985 F.2d 65, 69–70 (2d Cir.1993) (same).